GIANT TIGER DRUGS, INC., ET AL., APPELLANTS, *v.* KOSYDAR,
TAX COMMR., APPELLEE.

(No. 74-810—Decided July 9, 1975.)

*Messrs. Zellmer & Gruber* and *Mr. Sheldon R. Jaffery,* for appellants.

*Mr. William J. Brown,* attorney general, *Mrs. Maryann B. Gall* and *Mr. John C. Duffy, Jr.,* for appellee.

CELEBREZZE, J. In the six cases before the Board of Tax Appeals concerning outdoor advertising signs, the board affirmed the Tax Commissioner's assessment of sales and use taxes on the total amounts of the purchases.

Appellants, Giant Tiger Drugs, Inc., et al. (hereinafter, Giant Tiger) argue that the portion of the charge which could be shown to be charges for labor should be excepted.

The relevant statutory language, R. C. 5739.01(H), in pertinent part, provides:

"* * * Price does not include the consideration received for labor or services used in installing or applying the property sold if the consideration for such services is separately stated from the consideration received or to be received for the tangible personal property transferred in the retail sale. *Such separation must appear in the sales agreement or on the initial invoice or initial billing rendered by the vendor to the consumer. * * *"* (Emphasis added.)

The Tax Commissioner relied upon the emphasized language and upon R. C. 5739.13 which, in pertinent part, provides:

"If any vendor fails to collect the tax or any consumer fails to pay the tax imposed by or pursuant to Section 5739.02 or 5739.021 of the Revised Code, on any transaction subject to the tax, such vendor *or consumer shall be personally liable for the amount of the tax applicable to the transaction. The commissioner may make an assessment against either the vendor or consumer,* as the facts may require, based upon any information in his possession." (Emphasis added.)

The original invoices for installing the outdoor advertising signs included the total cost for each sign installed and a separate sales tax total. Although the cost of each

of the signs was not broken down as to labor and materials purchased, appellants argue that the amount set out for sales tax can clearly be shown to have been charged only on materials purchased. In addition, appellants provided the Tax Commissioner with supplementary invoices from the companies involved supporting their argument.

The Tax Commissioner argues that appellants were given credit for the sales tax already paid, but since the original invoices did not separately state the consideration received for labor and for materials, as required by R. C. 5739.01(H), the Tax Commissioner properly assessed tax on the remaining amount pursuant to R. C. 5739.13.

We agree. The language of R. C. 5739.01(H) is mandatory and clear, and this court will not substitute its judgment for that of the General Assembly, when the statutory language admits of no interpretation. *Sears* v. *Weimer* (1944), 143 Ohio St. 312.

Appellants' reliance on *Roberts* v. *Glander* (1951), 156 Ohio St. 247, is misplaced, since G. C. 5546-1 (the predecessor of R. C. 5739.01) did not contain the mandatory language found in R. C. 5739.01(H).

The audit period involved was from February 1, 1969, to December 31, 1972, but the assessments for the months of February and March 1969 were removed because of the statute of limitation (R. C. 5739.16). Appellants allege that one of the purchases of signs took place in 1968 and that the invoice is dated February 22, 1969. Both the construction of the sign and the billing came before April 1969, and the tax assessment for the installation of the outdoor advertising sign in case No. C-27 before the board should have been deducted. We agree with appellants in that case since the Tax Commissioner eliminated the months of February and March 1969, from the assessment.

Appellants also question the use tax assessed on newspaper advertising supplements purchased for distribution in newspapers of general circulation in Ohio. The supplements were used to bring in customers and stimulate sales.

The controlling statutes are R. C. 5739.01 (B) and R.

C. 5739.01 (P). R. C. 5739.01(B), in pertinent part, provides:

" 'Sale' and 'selling' include all transactions by which title or possession, or both, of tangible personal property, is or is to be transferred, or a license to use or consume tangible personal property is or is to be granted * * *." (Emphasis added.)

R. C. 5739.01 (P) provided, during the audit period:

" 'Making retail sales' means the effecting of transactions wherein one party is obligated to pay the price and the other party is obligated to transfer title to or possession of the item sold, but it does not include the delivery of items thereafter nor the preliminary acts of promoting or soliciting the retail sales." (Emphasis added.)

Appellants argue, first, that the purchase and use of newspaper supplements for advertising purposes is "a direct act of promotion and solicitation of retail sales and, as such, is not a preliminary act which falls within the exclusionary provisions of" R. C. 5739.01(P).

Appellants' grammatical examination of the emphasized language of R. C. 5739.01(P) does not convince the court that newspaper supplements were excluded from "preliminary acts." The cases cited by appellants dealt with the law as it existed prior to the period of the audit.*

R. C. 5739.01(P), as it existed during the audit period, clearly applied to newspaper advertising supplements.

However, appellants also argue that the 1973 amendment to R. C. 5739.01(P) should have been applied in this case since appellants had not exhausted their appeal rights when the amendment became effective.

R. C. 5739.01 (P) currently provides that:

" 'Making retail sales' * * * does not include * * * the preliminary acts of promoting or soliciting the retail sales, other than the distribution of printed matter which displays

---

*R. C. 5739.01(P) was enacted in the form here quoted and became effective December 1, 1967. R. C. 5739.01(P) was then amended November 21, 1973.

*or describes and prices the item offered for sale."* (Emphasis added.)

If current R. C. 5739.01(P) were applied to the cause before us, the use of the newspaper supplements here in question would not be subject to taxation.

Appellants argue that such a retroactive application of the statute is not violative of Section 28, Article II of the Ohio Constitution, and that R. C. 1.58 does not proscribe such an action because of the exception provided in R. C. 1.58(B).

While R. C. 5739.01(P), as amended, is not a retroactive law violative of Section 28, Article II of the Ohio Constitution, the application of R. C. 1.58(B) to this cause is not clear.

R. C. 1.58, in pertinent part, provides:

"(A) The reenactment, amendment, or repeal of a statute does not, except as provided in division (B) of this section:

"(1) Affect the prior operation of the statute or any prior action taken thereunder;

"(2) Affect any validation, cure, right, privilege, obligation, or liability previously acquired, accrued, accorded, or incurred thereunder;

"* * *

"(B) If the penalty, forfeiture, or punishment for any offense is reduced by reenactment or amendment of a statute, the penalty, forfeiture, or punishment, if not already imposed, shall be imposed according to the statute as amended."

The use tax liability in this case is not a "penalty, forfeiture, or punishment for an offense" and the amendment to R. C. 5739.01(P) should not have been applied to the assessments in question.

The Tax Commissioner cites *State, ex rel. Foster*, v. *Evatt* (1944), 144 Ohio St. 65, for the proposition that the court there applied the law in effect at the time of the proposed audit and assessment, while appellants use it for the proposition that "liability" is synonymous with "penalty."

That case was speaking of "personal liability" but the fact remains that the amendment here in question does not result in a "reduction" in the sense provided in R. C. 1.58 (B).

We agree with the Board of Tax Appeals that the disruptive effect of a course of action such as appellants suggest need not be followed since the law as it existed during the audit period must be applied.

Appellants also argue that the purchase of the supplements was a purchase for resale to the newspapers distributing them, thus qualifying for the exception provided in R. C. 5739.01(E) (1), sale for resale. However, the record does not support that contention, since appellants were paying to have the supplement distributed, not vice versa.

For the foregoing reasons, the decision of the Board of Tax Appeals is affirmed, except for the amount of sales tax assessed which was not within the statute of limittations.

*Judgment accordingly.*

O'NEILL, C. J., HERBERT, CORRIGAN, STERN, W. BROWN and P. BROWN, JJ., concur.