FEDERATED DEPARTMENT STORES, INC., F & R LAZARUS CO. DIVISION, APPELLEE, *v.* LIMBACH, TAX COMMR., APPELLANT.

[Cite as Federated Dept. Stores, Inc. *v.* Limbach (1989), 42 Ohio St. 3d 34.]

(No. 87-2110—Submitted January 18, 1989—Decided April 12, 1989.)

*Jones, Day, Reavis & Pogue, Maryann B. Gall, Michael C. Tomkies* and *Michael J. Rosner,* for appellee.

*Anthony J. Celebrezze, Jr.,* attorney general, and *James C. Sauer,* for appellant.

*Per Curiam.* R.C. 5739.01(E)(2) excepts from the sales tax purchases "* * * in which the purpose of the consumer is * * * to use or consume the thing transferred * * * directly in making retail sales * * *." R.C. 5739.01(P) (now [O]) defined "making retail sales" as:

"* * * [T]he effecting of transactions wherein one party is obligated to pay the price and the other party is obligated to transfer title to or possession of the item sold, but it does not include the delivery of items thereafter nor the preliminary acts of promoting or soliciting the retail sales, *other than the distribution of printed matter which displays or describes and prices the item offered for sale.*" (Emphasis added.)

Thus, purchases where the purpose of the purchaser is to distribute printed matter which displays or describes and prices the item offered for sale are excepted from tax as being used directly in making retail sales. Since we agree that the contested items were part of the advertising materials that were distributed, we affirm the BTA's decision.

In *Giant Tiger Drugs, Inc.* v. *Kosydar* (1975), 43 Ohio St. 2d 103, 72 O.O. 2d 58, 330 N.E. 2d 917, we suggested that had the emphasized language of R.C. 5739.01(P) been in effect at the time in question and had it been applied to the newspaper advertising supplements in that case, then, unquestionably, they would not have been taxable. In *Giant Tiger Drugs,* the taxpayer purchased the supplements. Undoubtedly, the purchase price covered the costs of the art work, typesetting, and composition work that were obtained to produce the supplements. We would be making an unwarranted distinction if we refused exemption to Lazarus because it purchased only the ingredients of similar products to compose its advertising material, but not the entire products themselves. The instant purchases became the printed advertising matter that was distributed and, thus, were used directly in the distribution of printed matter displaying or describing and pricing the item offered for sale.

Accordingly, the decision of the BTA is reasonable and lawful, and it is affirmed.

*Decision affirmed.*

MOYER, C.J., SWEENEY, HOLMES, WRIGHT, H. BROWN and RESNICK, JJ., concur.

DOUGLAS, J., dissents.