GENERAL MILLS, INC., APPELLANT, *v.* LIMBACH, TAX COMMR., APPELLEE.

[Cite as General Mills, Inc. *v.* Limbach (1988), 35 Ohio St. 3d 256.]

(No. 86-1931—Decided March 16, 1988.)

*Carlile, Patchen, Murphy & Allison* and *Robert J. Kosydar,* for appellant.

*Anthony J. Celebrezze, Jr.,* attorney general, and *James C. Sauer,* for appellee.

*Per Curiam.* Concerning the re-grind equipment, appellee has filed a "Statement of Additional Authority" with this court in which, upon authority of our decision in *General Motors Corp.* v. *Lindley* (1987), 32 Ohio St. 3d 158, 512 N.E. 2d 660, she concedes appellant's claim that the re-grind equipment should be excepted from the taxes and agrees to its removal from the assessment. Therefore, the decision of the BTA concerning this equipment is reversed.

Still at issue is the exemption of the packaging materials—the cases in which the boxes containing the cereal are placed for shipment, pallet sheets, and stretch wrapping used when the cases are placed on the pallets. The liners and cereal boxes were not assessed by appellee.

The exemption provided by R.C. 5739.02(B)(15) was suspended for three months of the audit period by Section 9 of Am. S. B. No. 448 (138 Ohio Laws, Part I, 1327, 1334):

"Beginning on January 1, 1981, and continuing through June 30, 1981, the exemption from the sales tax for packages and packaging machinery, equipment, and material granted pursuant to section 5739.02(B)(15) of the Revised Code, and made applicable to the use tax by section 5741.02(C)(2), shall be of no force or effect and such packaging machinery, equipment, and material that is not taxed because of the operation of those sections shall be subject to the sales or use tax."

The suspension of this exemption resulted in an assessment plus penalty of $74,828.36. Appellee admits that the purchase of this contested material would have been exempt had the exemption not been suspended. Appellant argues that the purchase of this material was excepted pursuant to R.C. 5739.01(E)(2), averring that it was used directly in manufacturing. Appellant relies solely upon paragraph two of the syllabus in *Kroger Grocery & Baking Co.* v. *Glander* (1948), 149 Ohio St. 120, 36 O.O. 471, 77 N.E. 2d 921:

"Sales of wrapping materials, cartons and containers properly and necessarily used and consumed in producing, processing, manufacturing and preparing in suitable condition for market and sale food products to be sold at retail are within the exceptions of the Sales Tax Act and the Use Tax Act and are not taxable."

We view the above syllabus paragraph as having been unnecessary for the resolution of that case, since the *Kroger* court held in paragraph one of the syllabus that the Tax Commissioner's Rule 100 had extended the exception to packaging materials. We have implicitly overruled paragraph two of the syllabus in *Kroger* in later decisions.

When *Kroger* was decided, this court was considering the taxability of items under the manufacturing exception on a case-by-case basis without the benefit of a test. We later developed the test announced in *Youngstown Bldg. Material & Fuel Co.* v. *Bowers* (1958), 167 Ohio St. 363, 5 O.O. 2d 3, 149 N.E. 2d 1, to determine the period within which manufacturing occurs. In *National Tube Co.* v. *Glander* (1952), 157 Ohio St. 407, 47 O.O. 313, 105 N.E. 2d 648, we adopted the now codified definition of "manufacturing" and "processing," as the process by which materials are changed into a state or form different from that in which they originally existed.

While discussing the manufacturing exception and its application to packaging equipment, Chief Justice O'Neill, in *Custom Beverage Packers* v.

*Kosydar* (1973), 33 Ohio St. 2d 68, 62 O.O. 2d 417, 294 N.E. 2d 672, wrote that the liberal construction of a sales tax exception statute, which was announced in *Kroger Grocery & Baking Co., supra,* was repudiated in *National Tube Co.* v. *Glander, supra.* Two months later, in *Gressel* v. *Kosydar* (1973), 34 Ohio St. 2d 206, 63 O.O. 2d 314, 297 N.E. 2d 532, this court overruled *Northwestern Ohio Poultry Assn.* v. *Schneider* (1965), 2 Ohio St. 2d 34, 31 O.O. 2d 18, 205 N.E. 2d 905, which, in a brief decision, had cited *Kroger, supra,* for authority for the holding that cleaning, candling, and crating eggs constituted processing. In *Gressel,* this court held that no processing occurred since no transformation had taken place.

In the final analysis, these contested packaging items are exempted from the tax only pursuant to the exemption provided by R.C. 5739.02 (B)(15). The product has been changed into its final state or form prior to packaging. Therefore, packaging occurs after the end of manufacturing. Since these materials are exempt only because the General Assembly provides for the exemption, suspension of this exemption during part of the audit period subjects appellant's purchases of these materials to the tax. The decision of the BTA as it relates to these items is hereby affirmed.

*Decision affirmed in part and reversed in part.*

MOYER, C.J., SWEENEY, LOCHER, HOLMES, DOUGLAS, WRIGHT and H. BROWN, JJ., concur.