SAUDER WOODWORKING COMPANY, APPELLANT, *v.* LIMBACH,
TAX COMMR., APPELLEE.

[Cite as Sauder Woodworking Co. *v.* Limbach (1988), 38 Ohio St. 3d 175.]

(No. 86-1989—Submitted April 19, 1988—Decided August 17, 1988.)

*Plassman, Rupp, Hensal & Short* and *Peter D. Short,* for appellant.

*Anthony J. Celebrezze, Jr.,* attorney general, *Mark A. Engel* and *James C. Sauer,* for appellee.

*Per Curiam.* The exemption provided by R.C. 5739.02(B)(15) was suspended for six months of the audit period by Section 9 of Am. S.B. No. 448 (138 Ohio Laws, Part I, 1327, 1334):

"Beginning on January 1, 1981, and continuing through June 30, 1981, the exemption from the sales tax for packages and packaging machinery, equipment, and material granted pursuant to section 5739.02(B)(15) of the Revised Code, and made applicable to the use tax by section 5741.02(C)(2), shall be of no force or effect and such packaging machinery, equipment, and material that is not taxed because of the operation of those sections shall be subject to the sales or use tax."

The suspension of this exemption resulted in an assessment plus penalty of $89,869.06. Appellee admits that the purchase of the contested material would have been exempt had the exemption not been suspended.

Appellant first argues that the purchase of this material was excepted pursuant to R.C. 5739.01(E)(2), averring that it was used directly in manufacturing or assembling its products. Appellant relies on *Kroger Grocery & Baking Co.* v. *Glander* (1948), 149 Ohio St. 120, 36 O.O. 471, 77 N.E. 2d 921, which held at paragraph two of the syllabus:

"Sales of wrapping materials, cartons and containers properly and necessarily used and consumed in producing, processing, manufacturing and preparing in suitable condition for market and sale food products to be sold at retail are within the exceptions in the Sales Tax Act and the Use Tax Act and are not taxable."

Appellant's reliance on *Kroger* is misplaced. As we recently noted in *General Mills, Inc.* v. *Limbach* (1988), 35 Ohio St. 3d 256, 520 N.E. 2d 218, paragraph two of the syllabus of *Kroger* has been implicitly overruled by later decisions. The BTA rejected

appellant's contentions that the packaging materials were integral parts of KD furniture:

"* * * The Board determines the packaging materials employed in the instant case, like the pallets and palletizing equipment in *Custom Beverage Packers* v. *Kosydar, Tax Commissioner, supra* [ (1973), 33 Ohio St. 2d 68, 62 O.O. 2d 417, 294 N.E. 2d 672], were not used *during* the 'manufacturing' or 'processing' period, but afterwards. The Board finds that the 'transformation' or 'conversion' process inherent in the 'manufacturing' or 'processing' under §§ 5739.01(E)(2) and (S) was complete prior to the furniture pieces and hardware being placed in the cartons on the packaging line. The Board does not consider this a case where the container is an inherent part of the product, as the furniture was equally functional and usable prior to its packaging. An operation which merely enhances the value of the product without producing a change in state or form does not constitute processing. *Gressel* v. *Kosydar, Tax Commissioner, supra* [1973], at 34 Ohio St. 2d [206,] 210." We agree with the BTA's conclusion and reject appellant's first contention.

Appellant's second contention is that the packaging materials were excepted from taxation pursuant to the sale-for-resale exception provided in R.C. 5739.01(E)(1).

The BTA rejected appellant's contention and found that the packaging materials were not resold and that some of the materials were not transferred in the same form as when received.

We have previously held that no separate sale of material occurs where there is no separate consideration stated for the transfer of the material:

"Where a processor and wholesaler of foodstuffs purchases advertising material for distribution to and display by retail stores handling his wares, includes the cost thereof in the price for which he sells his products, makes no separate and distinct charge for such material, and exacts the same price for his products regardless of whether such advertising material is used and displayed by those who receive it, there is no resale of the advertising material and no consideration present which would bring the transaction within the exceptions to the sales and use taxes contained in Sections 5739.01 and 5741.01, Revised Code." *H.J. Heinz Co.* v. *Bowers* (1960), 170 Ohio St. 423, 11 O.O. 2d 167, 165 N.E. 2d 792, paragraph one of the syllabus.

Although appellant's accounting system classified both packaging costs and raw material expenses, the record indicates that appellant did not make any separate or distinct charge for the packaging materials. We find the record does not support appellant's contention that the packaging materials were resold in the same form as when received. There is no basis for appellant's claimed R.C. 5739.01(E)(1) exception.

Finally, appellant contends that the appellee abused her discretion by denying appellant's request for a remission of the penalty. Appellant contends that it made a good faith effort to determine the applicability of the temporary suspension of the packaging exemption and that such effort satisfied the criteria for remission of a penalty.

The determination of whether to remit a penalty is discretionary. Ordinarily, a taxpayer must show an abuse of discretion on the part of the Tax Commissioner before that determination may be reversed or modified by the BTA. *Interstate Motor Freight*

*System* v. *Bowers* (1960), 170 Ohio St. 483, 11 O.O. 2d 240, 166 N.E. 2d 229.

A decision denying remission will be reversed or modified only upon a showing of an abuse of discretion resulting from an unreasonable, arbitrary or unconscionable action. *Jennings & Churella Constr. Co.* v. *Lindley* (1984), 10 Ohio St. 3d 67, 10 OBR 357, 461 N.E. 2d 897.

In this case the record does indicate that appellant made reasonable efforts, including seeking all available legal and other information, to determine the impact of the suspension of the packaging exemption and that appellant believed it had a reasonable basis for contesting the assessment. Given these circumstances, we find that the appellee should not have imposed a penalty and that the BTA should have granted appellant's request for remission. Accordingly, we hereby reverse that part of the BTA's decision that affirmed the assessment of the penalty. The decision of the BTA in all other respects is affirmed.

*Decision affirmed in part and reversed in part.*

MOYER, C.J., HOLMES, DOUGLAS and H. BROWN, JJ., concur.

SWEENEY, LOCHER and WRIGHT, JJ., dissent.

WRIGHT, J., dissenting. In my view, the packaging material falls under the "sale-for-resale" exception in R.C. 5739.01(E)(1) and in the direct-manufacturing exception in R.C. 5739.01(E)(2).

R.C. 5739.01(E)(1) provides an exception to the sales tax where the purpose of the sale is to "resell the thing transferred * * *." The record indicates appellant's accounting system classified both packaging costs and raw material expenses separately. Although the consumer is not charged for each sale separately, the fact remains that the sales price consists of two charges. Appellee's argument that the sales tax exception does not apply unless the seller includes two separate sales is hypertechnical, and fails to recognize the realities of modern marketing.

I would also find R.C. 5739.01(E)(2) applicable in the case before us. This section provides an exception to the sales tax for the purchase of material used directly in manufacturing or assembling the product. The packaging of the separate component parts was obviously necessary to avoid breakage and destruction. The packaging was a necessary and inherent part of the product. Although I would not find packaging material for all products subject to this exception, I believe products that must be assembled by the consumer, and that are packaged in compartments to preserve the product, are within the R.C. 5739.01(E)(2) exception.

For the reasons stated above, I would rule that the purchase of the packaging material was excepted from the sales tax pursuant to R.C. 5739.01.

SWEENEY and LOCHER, JJ., concur in the foregoing dissenting opinion.