KROGER COMPANY, APPELLEE, *v.* LIMBACH, TAX COMMR., APPELLANT.

[Cite as Kroger Co. *v.* Limbach (1990), 53 Ohio St. 3d 245.]

(No. 89-569—Submitted March 15, 1990—Decided September 12, 1990.)

*Anthony J. Celebrezze, Jr.,* attorney general, *Richard C. Farrin* and *Martha Jane Cooper,* for appellant.

*Per Curiam.* For the reasons which follow, we affirm the decision in part and reverse in part.

I

In essence, the Tax Commissioner's principal argument is that exception from taxation is based upon the specific requirements of R.C. 5739.02 (B)(15) and is available only for purchases of packages or equipment for use in packing tangible personal property produced for sale and used directly in inserting such product into the package. We disagree.

R.C. 5739.02 provides in part as follows:

"(B)  The tax does not apply to the following:

"* * *

"(15)  Sales to persons engaged in any of the activities mentioned in division (E)(2) of section 5739.01 of the Revised Code, of packages, including material and parts therefor, and of machinery, equipment, and material for use in packaging tangible personal property produced for sale, or sold at retail. Packages include bags, baskets, cartons, crates, boxes, cans, bottles, bindings, wrappings, and other similar devices and containers and 'packaging' means placing therein."[1]

With regard to the items constituting the conveyor equipment, the Tax Commissioner's argument is the same as that advanced by the Tax Commissioner in *Hawthorn Mellody, Inc.* v. *Lindley* (1981), 65 Ohio St. 2d 47, 19 O.O. 3d 234, 417 N.E. 2d 1257. That case is dispositive of the issue now before us. The syllabus in *Hawthorn Mellody* reads as follows:

*Jones, Day, Reavis & Pogue, Roger F. Day* and *Timothy R. Pickrel,* for appellee.

---

[1] R.C. 5741.02(C)(2) provides a concomitant exception for use tax.

"The Supreme Court will not over-rule findings of fact of the Board of Tax Appeals that are based upon sufficient probative evidence. (*Citizens Financial Corp.* v. *Porterfield*, 25 Ohio St. 2d 53, approved and followed.)"

We also observed:

"The commissioner's argument is that, in view of the definition of 'packaging' in R.C. 5739.02(B)(15), *i.e.,* 'placing therein,' the portion of the conveyor system at issue is not excepted from taxation as 'machinery * * * [or] equipment * * * use[d] in packaging tangible personal property produced for sale * * *' under R.C. 5739.02(B)(15). It is the commissioner's position that only machinery or equipment used in *placing* tangible personal property produced for sale *in packages* is entitled to a tax exception." (Emphasis *sic*.) *Id.* at 51, 19 O.O. 3d at 237-238, 417 N.E. 2d at 1261.

We concluded our analysis of the facts presented in *Hawthorn Mellody* by observing:

"Based upon the above evidence, we find that the portion of the conveyor system at issue is an integral part of machinery or equipment used in placing tangible personal property produced for sale (milk cartons) in packages (milk cases). Thus, the conveyor is excepted from taxation under R.C. 5739.02(B)(15)." *Id.* at 53, 19 O.O. 3d at 238, 417 N.E. 2d at 1262.

The BTA was correct to follow the analysis of *Hawthorn Mellody* and its action was reasonable and lawful.

II

Also involved in this appeal are air curtains. As indicated earlier, appellee failed to present evidence with regard to how the air curtains were utilized. This failure, although apparently not considered significant by the BTA, is determinative. In presenting the issue to the BTA, appellee had the burden of proving that it was entitled to exception from the sales tax by reason of the manner of use of the item in question. It failed. The syllabus of *Hatchadorian* v. *Lindley* (1986), 21 Ohio St. 3d 66, 21 OBR 365, 488 N.E. 2d 145, controls:

"1. The Tax Commissioner's findings are presumptively valid, absent a demonstration that those findings are clearly unreasonable or unlawful.

"2. When no competent and probative evidence is developed before the Board of Tax Appeals to show that the Tax Commissioner's determination of the value of property is factually incorrect, it is error for the board to reverse that determination."

The decision of the BTA in granting exception for the air curtains was unreasonable and unlawful and is hereby reversed.

*Decision affirmed in part
and reversed in part.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS and WRIGHT, JJ., concur.

H. BROWN and RESNICK, JJ., dissent.