UNION CARBIDE CORPORATION, APPELLEE,
v. LIMBACH, TAX COMMR., APPELLANT.

[Cite as *Union Carbide Corp. v. Limbach* (1992), 62 Ohio St.3d 548.]

(No. 91–116—Submitted October 31, 1991—Decided February 12, 1992.)

*Jones, Day, Reavis & Pogue, Roger F. Day, Laura A. Kulwicki* and *Robert A. Fiscella,* for appellee.

*Lee I. Fisher,* Attorney General, *David G. Lambert* and *M. Linda Weigand,* for appellant.

*Per Curiam.* R.C. 5739.02(B)(15) excepts from the sales tax a manufacturer's purchases:

" * * * of machinery [and] equipment * * * for use in packaging tangible personal property produced for sale * * *. Packages include * * * cartons, crates, boxes, * * * and other similar devices and containers and 'packaging' means placing therein." (R.C. 5741.02[C][2] makes the same exception from the use tax.)

In analyzing the applicability of this exception we " * * * focus upon the distinct function of each item of tangible personal property subject to assessment and its relationship to" the packaging process. *Bird & Son, Inc. v. Limbach* (1989), 45 Ohio St.3d 76, at 79, 543 N.E.2d 1161, at 1165.

In *Kroger Co. v. Limbach* (1990), 53 Ohio St.3d 245, at 247, 560 N.E.2d 192, at 194, we stated:

"The BTA was correct to follow the analysis of *Hawthorn Mellody* and its action was reasonable and lawful."

In *Kroger, supra,* the BTA had found that "the items comprising the product-packaging lines * * * were used in 'an integrated activity and an essential part of the packaging activity' * * *." *Id.* at 246, 560 N.E.2d at 193. The *Kroger* decision ratified our holding in *Hawthorn Mellody, Inc. v. Lindley* (1981), 65 Ohio St.2d 47, 19 O.O.3d 234, 417 N.E.2d 1257. In *Hawthorn Mellody, supra,* we acknowledged the correctness of the Tax Commissioner's strict construction requirement for exceptions from taxation, but granted exception because the particular portion of the taxpayer's conveyor system was not "considered as a separate piece of * * * equipment used to unstack, clean and convey milk cases (packages)" but rather "as an integral

part of * * * equipment used in placing milk cartons (tangible personal property produced for sale) in milk cases (packages)." *Id.* at 52, 19 O.O.3d at 238, 417 N.E.2d at 1261. By affirming the finding of the BTA and by embracing the language of *Hawthorn Mellody, supra,* we do not reject our earlier determinations relative to the appropriate construction of tax statutes or to the propriety of separating items of tangible personal property from a system of manufacturing, processing, or packaging. Rather, we reiterate our conclusion that we will examine particular items of machinery, equipment or material alleged to be excepted from taxation by reason of the function they perform.

Union Carbide manufactures batteries and sells them in blister packs. The blisters are packaged in slotted chipboard trays, inserted in a unit carton, and then placed in a standard carton. We agree with the BTA that the packaging line is a series of machines in continuous operation. The machinery in question is an integral and essential part of the equipment used in placing batteries in packages. Accordingly, we affirm the BTA's decision.

*Decision affirmed.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.