CUSTOM BEVERAGE PACKERS, INC., APPELLANT, *v.* KOSYDAR, TAX COMMR., APPELLEE.

(No. 72-451—Decided March 28, 1973.)

70

*Messrs. Thompson, Hine & Flory, Mr. Robert A. Bergquist* and *Mr. William R. Stewart,* for appellant.
*Mr. William J. Brown,* attorney general, *Mr. Dwight C. Pettay, Jr.,* and *Mrs. Maryann Gall,* for appellee.

O'NEILL, C. J. Appellant contends that the pallets are excepted from sales and use taxes by virtue of both R. C. 5739.01(E)(2) and R. C. 5739.02(B)(15).* It contends that the palletizers are excepted from sales and use taxes by virtue of R. C. 5739.02(B)(15) and that the conveyors are excepted from sales and use taxes by virtue of both R. C. 5739.01(E)(2) and R. C. 5739.02(B)(16).

Appellant asserts that these pallets are an integral part of its business. While this may be conceded, it is not

---

*The sales exceptions discussed herein are made expressly applicable to the uses of property by R. C. 5741.02(C)(2) and are intended herein to apply to all uses of property as well as sales.

dispositive of the question of whether the pallets are subject to sales and use taxes.

In the syllabus of *Youngstown Building Material & Fuel Co.* v. *Bowers* (1958), 167 Ohio St. 363, 149 N. E. 2d 1, this court stated that:

"In determining whether tangible personal property is used or consumed directly in the production of tangible personal property for sale by manufacturing or processing * * * the test is not whether such property is essential to the operation of an 'integrated plant,' the test to be applied being, *when* does the actual manufacturing or processing activity begin and end, and is the property used or consumed *during and in the manufacturing or processing period.*"

In paragraphs one and two of the syllabus in *National Tube Co.* v. *Glander* (1952), 157 Ohio St. 407, 105 N. E. 2d 648, this court announced the principles for interpretation of sales or use tax statutes: First, that "the presumption obtains that every sale or use of tangible personal property in this state is taxable"; second, that "statutes relating to exemption or exception from taxation are to be strictly construed, and one claiming such exemption or exception must affirmatively establish his right thereto."

Tested against these principles, appellant's argument for tax exception of the pallets and conveyors under R. C. 5739.01(E)(2) fails.

Appellant does not consume the pallets during processing, as these pallets are later used to ship the encased bottles and cans of soft drinks to customers. Nor are these pallets used *directly in the processing* of appellant's product for sale.

Appellant's product is a case of bottled or canned soft drinks. The pallets are used merely to facilitate the transportation of raw materials to, and the removal of finished products from, the processing lines. They are never directly involved in the bottling or canning and casing of soft drinks. Likewise, the two conveyors for which exception is sought merely transport items to and from the processing

lines and are not directly involved in the *production* of cases of bottled or canned soft drinks.

Appellant relies upon *Northwestern Ohio Poultry Assn.* v. *Schneider* (1965), 2 Ohio St. 2d 34, 205 N. E. 2d 905, to support its claimed right to exception under R. C. 5739.-01(E) (2). That case is distinguishable in that the "filler-flats," which were held excepted from sales and use taxes, actually proceeded through the taxpayer's processing lines and were used directly in the processing of taxpayer's product. Furthermore, the court, in *Northwestern Ohio Poultry Assn.*, relied upon *Kroger Grocery & Baking Co.* v. *Glander* (1948), 149 Ohio St. 120, 77 N. E. 2d 921, and *France Co.* v. *Evatt* (1944), 143 Ohio St. 455, 55 N. E. 2d 652. In *Kroger Grocery & Baking Co.*, at page 129, this court applied the view, subsequently repudiated in *National Tube Co.*, *supra* (157 Ohio St. 407), that a sales tax exception statute "must be given a liberal construction in favor of the taxpayer."

*France Co.*, *supra*, is distinguishable on its facts from the present case. There, the stone hauling equipment was found to have been used to transport an unfinished product between stages of production. Here, the transportation equipment was used to transport materials to, and the finished products from, the processing line.

Appellant contends also that the pallets and the palletizers are excepted from sales and use taxes under R. C. 5739.02(B)(15). That section, in pertinent part, provides that sales and use taxes do not apply to the following:

"(15) Sales to persons engaged in any of the activities mentioned in division (E)(2) of Section 5739.01 of the Revised Code, of packages, including material and parts therefor, and of machinery, equipment, and material for use in packaging tangible personal property produced for sale, or sold at retail. Packages include bags, baskets, cartons, crates, boxes, cans, bottles, bindings, wrappings, and other similar devices and containers, and 'packaging' means placing therein."

This court has not previously construed R. C. 5739.02

(B)(15). Since this section provides a sales and use tax exception, however, the principles of construction announced in the *National Tube Co.* case apply.

An examination of that statute reveals that, in order to qualify for tax exception, the taxpayer must be engaged in an enterprise described in R. C. 5739.01(E)(2). Second, the item for which exception is sought must meet the definition of "packages" contained in R. C. 5739.02(B) (15), within that section, or must be equipment which operates on such an item.

While it may be conceded that appellant is engaged in an enterprise described in R. C. 5739.01(E)(2), its contention that pallets fit within the definition of "packages" is not as readily adopted.

The statute provides examples of packages, viz., "bags, baskets, cartons, crates, boxes, cans, bottles, bindings, wrappings, and other similar devices." It is noted that all the above items are items which circumscribe and contain whatever is packaged. These items may not necessarily fully enclose, but they do restrain movement of the packaged object in more than one plane of direction. Many are complete enclosures or restraints; however, none of such items would permit movement in more than a single plane of direction. For example, a basket would, ordinarily, permit movement of its contents only in an upward direction, but may also prohibit that movement.

Applied against this test, it is readily apparent that appellant's unbound pallets do not qualify. These prohibit or restrain movement of cases of soft drinks only in one direction—downward. Otherwise, the cases may freely be moved in any direction without harm to the device. The unbound pallets are, therefore, not packages within the meaning of R. C. 5937.02(B)(15).

We do not here decide whether pallets to which cases or other objects are bound are tax exempt.

It follows, that if the unbound pallets are not "packages," within the meaning of the applicable statute, the palletizers, which merely stack cases upon the pallets, are

not "machinery" or "equipment" for use in "packaging."

Finally, appellant contends that the conveyors are excepted from sales and use taxes under R. C. 5739.02(B)(16) which provides exception for:

"Sales to persons engaged in manufacturing, processing, assembling, or refining, of handling and transportation equipment, except motor vehicles licensed to operate on the public highways, used in intra or inter plant transfers or shipments of tangible personal property *in the process of production* for sale * * *." (Emphasis added.)

From the previous discussion relating to the claimed exception for pallets and conveyors under R. C. 5739.01 (E)(2), it is readily apparent that the conveyors do not qualify for exception under R. C. 5937.02(B)(16). As previously noted, these conveyors merely transport raw materials to a processing line and transport finished products from a processing line. These conveyors are, therefore, not transporting "property in the process of production."

The decision of the Board of Tax Appeals, being neither unlawful nor unreasonable, is affirmed.

*Decision affirmed.*

HERBERT, CORRIGAN, STERN, CELEBREZZE, W. BROWN and P. BROWN, JJ., concur.