336

Cole National Corporation, Appellant, v. Collins, Tax Commr., Appellee.

[Cite as Cole National Corp. v. Collins (1976), 46 Ohio St. 2d 336.]

(No. 75-1170—Decided June 8, 1976.)

Messrs. *Jones, Day, Reavis & Pogue, Mr. Wallace M. Wright, Ms. Marie C. Grossman* and *Mr. Bruce J. Havighurst,* for appellant.

Mr. *William J. Brown,* attorney general, and *Ms. J. Elaine Bialczak,* for appellee.

PAUL W. BROWN, J. The issue presented is whether the display cases and racks purchased by the taxpayer are "packages" within the meaning of the sales tax exception provided by R. C. 5739.02(B)(15).[2] That section, in pertinent part, provides that sales taxes do not apply to the following:

"*Sales* to persons engaged in any of the activities mentioned in division (E)(2) of Section 5739.01 of the Revised Code, *of packages,* including material and parts therefor, and of machinery, equipment, and material for use in packaging tangible personal property produced for sale, or sold at retail. *Packages include bags, baskets, cartons, crates, boxes, cans, bottles, bindings, wrappings, and*

---

[2] The sales tax exception provided by R. C. 5739.02(B)(15) is made expressly applicable to the uses of property by R. C. 5741.02(C)(2), and is intended herein to apply to all uses of property as well as sales.

*other similar devices and containers, and 'packaging' means placing therein.''* (Emphasis added.)

The taxpayer argues that this court should follow its decision in *Custom Beverage Packers* v. *Kosydar* (1973), 33 Ohio St. 2d 68, 73, wherein we held that unbound pallets on which cases of bottles were placed were not packages, because they restrained the movement of those bottles in only one direction—downward. We noted that while a package need not fully enclose the packaged object, it must restrain movement in more than one plane of direction. The taxpayer claims that its display cases and racks are packages because they meet the aforementioned test.

Although *Custom Beverage Packers* sets forth an essential characteristic of a package, it does not provide the sole criterion for making such a determination. Not all items that restrict movement in more than one direction are packages. In fact, we limited *Custom Beverage Packers* to its facts by stating, at page 73:

"We do not here decide whether pallets to which cases or other objects are bound are tax exempt."

The taxpayer also argues that its sole use of the display cases and racks was for packaging, and that the taxpayer itself did not use them for storage or display, although they were designed for that purpose, and so used by the retailer. Essentially, the taxpayer is arguing that even though the display cases and racks were subsequently used for another purpose by retailers, the court should focus only on whether those items were used as packages by this taxpayer.

Taxpayer's corporate tax manager, during testimony before the Board of Tax Appeals, admitted that the display cases and racks are not solely packages, but that they are included with every initial order as a service to the independent retailer, where they function as a marketing aid. While the taxpayer emphasizes the necessity of its display cases and racks to properly segregate, organize and place its products in a marketable state, it admits that reorders are shipped in cardboard boxes.

A typical sales brochure used by the taxpayer to so-

licit orders for entire assortments of knives contained statements such as the following:

"Our new displays do more than hold knives. They merchandise. Their smart, contemporary designs enhance the Kabar quality image. They are pilferproof. And they provide key lock space for back-up stock. * * *."

In effect, the taxpayer intends the display cases and racks to be used by its independent retailers as service centers where the taxpayer's products can be merchandized. The display cases and racks serve as a vital cog in the chain of distribution of the taxpayer's products. Their function as packaging is incidental to their use as a marketing aid.

In *Custom Beverage Packers* v. *Kosydar, supra,* at page 73, this court stated that the principles of construction announced in *National Tube Co.* v. *Glander* (1952), 157 Ohio St. 407, apply to interpreting R. C. 5739.02(B)(15). In paragraphs one and two of the syllabus in *National Tube Co.*, we delineated those principles:

First, that "the presumption obtains that every sale or use of tangible personal property in this state is taxable;" and second, that "[s]tatutes relating to exemption or exception from taxation are to be strictly construed, and one claiming such exemption or exception must affirmatively establish his right thereto."

Tested against these principles, taxpayer's arguments must fail. This court does not believe it should focus only on the taxpayer's physical use of the display cases and racks as packages, while ignoring their predominant economic purpose and function as integral parts of an overall marketing plan. We find that the predominant economic purpose of these articles to the taxpayer was to facilitate the marketing of its products, rather than to package same, and therefore the order of the Tax Commissioner, denying a tax exception under R. C. 5739.02(B)(15), was neither unreasonable nor unlawful, and is affirmed.

*Decision affirmed.*

O'NEILL, C. J., HERBERT, CORRIGAN, STERN, CELEBREZZE and W. BROWN, JJ., concur.