186

HIGHLIGHTS FOR CHILDREN, INC., APPELLANT; AND APPELLEE, *v.* COLLINS, TAX COMMR., APPELLEE AND APPELLANT.

(Nos. 76-1266 and 76-1272—Decided June 15, 1977.)

*Messrs. Glander, Brant, Ledman & Newman,* Mr. *Charles F. Glander* and *Mr. C. Emory Glander,* for appellant and appellee.

*Mr. William J. Brown,* attorney general, and *Mr. John C. Duffy, Jr.,* for appellee and appellant.

*Per Curiam.* The function of this court is to review the board's decision to determine if it is reasonable and lawful. See *Citizens Financial Corp.* v. *Porterfield* (1971), 25 Ohio St. 2d 53. It does not matter whether we might have

weighed the evidence differently from the board had this court been making the original determination. As long as there is evidence which reasonably supports the conclusion reached by the board, its decision must stand. *Jewel Companies* v. *Porterfield* (1970), 21 Ohio St. 2d 97, 99.

Since two distinct appeals are submitted for review, we will treat each separately.

## I.

In case No. 76-1266, the taxpayer contends that its purchases of "point of sale supplies" are not subjected to the state excise tax on retail sales for the reason that such purchases are statutorily excepted from the definition of retail sales.

Determination of this issue requires an analysis of the statutory definition of "retail sale" and the legislated exceptions thereto. R. C. 5739.01 reads, in pertinent part:

"(E) 'Retail sale' and 'sales at retail' include all sales except those in which the purpose of the consumer is:

"\* \* \*

"(2) \* \* \* [T]o use or consume the thing transferred \* \* \* directly in making retail sales \* \* \*."

The phrase "making retail sales" was defined by the General Assembly in R. C. 5739.01(P), which became effective September 1, 1967.[1] This definitional section remained in effect for the balance of the audit period and read as follows:

"(P) 'Making retail sales' means the effecting of transactions wherein one party is obligated to pay the price and the other party is obligated to transfer title to or possession of the item sold, but *it does not include the delivery of items thereafter nor the preliminary acts of promoting or soliciting the retail sales.*" (Emphasis added.)

Rule TX-15-11, Rules of the Tax Commissioner, was changed in 1967 to read, in part, as follows:

"Tangible personal property which is to be used or

---

[1] The only "point of sale supplies" that are in issue are those supplies purchased on or after September 1, 1967, the effective date of R. C. 5739.01(P). In his final determination, the commissioner deleted those items which were purchased prior to September 1, 1967.

consumed directly in making retail sales may, when purchased by a person engaged in making retail sales, be purchased under a claim of exemption. Articles subject to such claim include show cases, equipment and shelves used to display merchandise for sale; store furniture and fixtures; *supplies and equipment used in consummating retail sales*; and equipment for use or consumption in storing or preserving goods and merchandise in the sales area." (Emphasis added.)

Whether an item of tangible personal property is used to promote or solicit, as opposed to consummate, retail sales is a question of fact to be decided by the board. The board concluded that "it appears clear that the materials in issue have a primary use in the promoting or soliciting of retail sales."

R. C. 5739.01 was amended, effective November 21, 1973, to read as follows:

"(P) 'Making retail sales' means the effecting of transactions wherein one party is obligated to pay the price and the other party is obligated to transfer title to or possession of the item sold, but it does not include the delivery of items thereafter nor the preliminary acts of promoting or soliciting the retail sales, *other than the distributing of printed matter which displays or describes and prices the item offered for sale.*" (Emphasis denotes added language.)

The commissioner asserts that this change conclusively demonstrates that printed matter which displays or describes and prices an item for sale is, in fact, material used in the preliminary acts of promoting or soliciting retail sales. Otherwise, there would have been no need for the amendment. Unfortunately for the taxpayer, this amendment to R. C. 5739.01(P) did not become effective until well subsequent to the audit period. The board determined that the "point of sale supplies" were subject to sales taxes because they were used to promote or solicit retail sales, and thus not excepted under the provisions of R. C. 5739.01(E) and (P), then in effect.

Upon examination of the record before the board, we conclude that this determination by the board is not un-

reasonable or unlawful, nor unsupported by the evidence.

**II.**

In case No. 76-1272, the commissioner appeals the portion of the board's decision that the taxpayer's purchases of paper used to make mailing labels together with parts for the necessary machinery are not subject to the excise tax on retail sales.

This review concerns the scope and interpretation of R. C. 5739.02(B)(15)[2] which, in pertinent part, reads as follows:

"The tax does not apply to the following:

"* * *

"(15) Sales to persons engaged in any of the activities mentioned in division (E)(2) of Section 5739.01 of the Revised Code, of packages, including material and parts therefor, and of machinery, equipment, and material for use in packaging tangible personal property produced for sale, or sold at retail. Packages include bags, baskets, cartons, crates, boxes, cans, bottles, bindings, wrappings, and other similar devices and containers, and 'packaging' means placing therein."

In construing this subdivision, we must consider that a presumption exists that every sale or use of tangible personal property in this state is taxable. Moreover, "laws relating to exemption from taxation are to be strictly construed, and one claiming exemption must affirmatively establish his right thereto." *National Tube Co.* v. *Glander* (1952), 157 Ohio St. 407, 409.

In *Emery Industries* v. *Kosydar* (1975), 43 Ohio St. 2d 34, we affirmed a decision of the board which reversed the commissioner's assessment of sales and use taxes on barrel-filling equipment and cut-off scales because they were excepted by R. C. 5739.02(B)(15) as "machinery, equipment, and material for use in packaging * * *." There was sufficient probative evidence in the record before the

---

[2]Present R. C. 5739.02(B)(15) was numbered R. C. 5789.02(B)(16) during the audit period.

board for this court to determine that its decision was reasonable and lawful.

The commissioner argues that the mailing labels and machinery do not meet the statutory definition of "package" and thus may not be excepted under R. C. 5739.02(B)(15), and cites *Customer Beverage Packers* v. *Kosydar* (1973), 33 Ohio St. 2d 68, and *Cole National Corp.* v. *Collins* (1976), 46 Ohio St. 2d 336, as authority for this proposition.

Cases concerning this packaging exception must be decided on their individual facts. As we stated in *Cole National, supra,* at page 338: "Although *Custom Beverage Packers* [*supra*] sets forth an essential characteristic of a package, it does not provide the sole criterion for making such a determination. * * * In fact, we limited *Custom Beverage Packers* to its facts * * *."

Upon careful examination of the record, we find that the board's determination was reasonable and lawful. There was sufficient probative evidence for the board to conclude that the purchase of paper used for mailing labels and the purchase of parts or equipment for machinery used to produce mailing labels are excepted from taxation pursuant to R. C. 5739.02(B)(15).

Therefore, the decision of the board is affirmed.

*Decision affirmed.*

O'NEILL, C. J., STERN, P. BROWN, SWEENEY and LOCHER, JJ., concur.

HERBERT and CELEBREZZE, JJ., concur in case No. 76-1266, but dissent in case No. 76-1272.

STERN, J., retired, assigned to active duty under authority of Section 6(C), Article IV, Constitution, sitting for W. BROWN, J.