HIGHLIGHTS FOR CHILDREN, INC., APPELLANT, *v.* LINDLEY, TAX COMMR., APPELLEE.

(No. 85AP-431 — Decided December 12, 1985.)

*Isaac, Brant, Ledman & Becker,* James H. Ledman and *Dennis R. Newman,* for appellant.

*Anthony J. Celebrezze, Jr.,* attorney general, and *James C. Sauer,* for appellee.

STRAUSBAUGH, J. This is an appeal from a decision of the Board of Tax Appeals affirming an assessment, issued by the Tax Commissioner, against defendant-appellant, Highlights for Children, Inc.

Appellant is an Ohio corporation engaged primarily in publishing a magazine entitled "Highlights for Children." Direct mail solicitation is one of the methods used by appellant to market its magazine. During the audit period (1977 to 1979), appellant used a variety of solicitation packets, each containing one or more assessed items. Examples of assessed items include circulars, "plips," smile stickers, stamps, and a sample of the "Newsletter of Parenting." All of these items were used only as parts of direct mail solicitation packets.

The Tax Commissioner, defendant-appellee, issued a sales and use tax assessment against appellant. Thereafter, appellant filed a petition for reassessment and, following a hearing, the Tax Commissioner issued a journal entry affirming the assessment. Upon further appeal, the Board of Tax Appeals affirmed. Appellant now seeks review in this court, pursuant to R.C. 5717.04, and raises the following assignments of error:

"1. The Board of Tax Appeals erred in holding that appellant's purchases of 'direct mail solicitation materials,' (such purchases having been erroneously subjected to Ohio sales and use taxes by appellee) were not exempted or excepted from taxation pursuant to Sections 5739.01(E)(2) and 5739.01(O) [formerly Section 5739.01(P)], Ohio Revised Code, Rule 5703-9-24, O.A.C., and Section 5741.02(C)(2), Ohio Revised Code. Said direct mail solicitation materials * * * constitute printed matter which displays or describes and prices items offered for sale by appellant and which was distributed by appellant to prospective purchasers of such items, and such printed matter is, therefore, excepted from taxation.

"2. The Board of Tax Appeals erred in holding that where direct mail solicitation materials are conceived and created as a unit or package, and are used for the sole purpose of promoting or soliciting sales of tangible personal property by appellant, and where the package, taken as a whole, displays or describes and prices the items offered for sale, each piece or component of such package or unit must itself both display or describe and price the items offered for sale.

"3. The Board of Tax Appeals erred in failing to hold that the essential parts of a direct mail solicitation packet, the sole purpose of which is to promote and solicit sales of appellant's products by displaying or describing and pricing them, are excepted from the Ohio sales and use taxes by reason of Sections 5739.01(E)(2), 5739.01(O), and 5741.02(C)(2), Ohio Revised Code and Rule 5703-9-24, O.A.C.

"4. The Board of Tax Appeals erred in holding that appellant's purchases of component parts of its direct mail solicitation packets, such component parts being assembled into a completed packet, are subject to Ohio's sales and use taxes, when the purchase by taxpayers of completed solicitation packets containing identical printed matter and used for an identical purpose

as appellant's packets (such packets being so designed as to be intended to be separated into functionally equivalent component parts identical to the component parts purchased by appellant) would be excepted from such taxes. Such a construction of Sections 5739.01(E)(2), 5739.01(O) and 5741.02(C)(2) by the Board of Tax Appeals denies to appellant the equal protection of the laws guaranteed by Art. I § 2 of the Constitution of the State of Ohio and by the Fourteenth Amendment to the Constitution of the United States, thereby rendering such statutes unconstitutional as applied, and rendering the Board of Tax Appeals' decision unreasonable and unlawful."

Since appellant's assignments of error are interrelated, they will be addressed together.

Pursuant to R.C. 5739.02, an excise tax is levied on every "retail sale" made in Ohio. However, R.C. 5739.01(E)(2) provides:

"(E) 'Retail sale' and 'sales at retail' include all sales except those in which the purpose of the consumer is:
"* * *
"(2) To incorporate the thing transferred as a material or a part, into tangible personal property to be produced for sale by manufacturing, assembling, processing, or refining, or to use or consume the thing transferred directly * * * in making retail sales * * *."

Thus, there is an exemption for items used in "making retail sales." Also, pursuant to R.C. 5741.02(C)(2), the exemptions from the sales tax in R.C. Chapter 5739 are applicable to the use tax levied pursuant to R.C. Chapter 5741.

The term "making retail sales" is then defined in R.C. 5739.01(O), which provides:

" 'Making retail sales' means the effecting of transactions wherein one party is obligated to pay the price and the other party is obligated to provide a service or to transfer title to or possession of the item sold, but it *does not include the delivery of items thereafter nor the preliminary acts of promoting or soliciting the retail sales, other than the distribution of printed matter which displays or describes and prices the item offered for sale."* (Emphasis added.)

Therefore, "making retail sales" includes the distribution of printed matter which "displays or describes and prices" the item offered for sale and, thus, there is a tax exemption for such printed matter.

The issue which is presented by the instant appeal is whether the solicitation materials utilized by appellant properly meet the above-mentioned standard ("display or describe and price"), and thus are tax exempt. For the following reasons, we hold that the materials are tax exempt.

Both appellant and appellee cite *Crowell-Collier Publishing Co.* v. *Glander* and *McCall Corp.* v. *Glander* [consolidated cases] (1951), 155 Ohio St. 511 [44 O.O. 460]. That cause involved the taxation of solicitational materials (envelopes) almost identical to those taxed in the case at bar. In 1951, there was no statutory definition of "making retail sales." The statutes merely provided that personalty used or consumed directly in making retail sales was exempt from taxation. Rule 43, promulgated by the Tax Commissioner, did provide that sales falling within the exempt classification included *only* " 'supplies and equipment used to *price and describe merchandise* * * *.' " (Emphasis added.) *Id.* at 515-516.

The court held that the envelopes were tax exempt because they were "so closely related to the advertising material itself as to constitute them an integral part of the promotional advertising packages." *Id.* at 517. The court rejected the argument that the envelopes had to specifically bear advertising matter. Rather, they held that, under

the "spirit of the statute," the transaction was exempt. *Id.*

We find the reasoning of the *Crowell-Collier* case controlling in the case at bar. The record reveals that the assessed items were used solely for promotion as part of the entire scheme of direct mail solicitation. While the individual items assessed do not each meet the specific standard of "display or describe and price," they nevertheless meet the spirit of R.C. 5739.01(O), and the legislative intent of excepting items used in making retail sales.

Appellee contends, however, that the *Crowell-Collier* case is inapplicable because today there is a much narrower exception than that allowed by the 1951 case. This court must disagree with appellee's contention. Even though in 1951 there was no statutory definition of the term "making retail sales," the courts were guided by Rule 43 and its "price and describe" standard. This standard is almost identical to the "display or describe and price" standard which is applicable in the instant case.

We also find the case of *Highlights for Children* v. *Collins* (1977), 50 Ohio St. 2d 186 [4 O.O.3d 379], to be instructive. In that case, the Ohio Supreme Court held that the appellant's promotional materials were *not exempt* because the definition of "making retail sales," in effect for the audit period in question, provided:

"(P) 'Making retail sales' means the effecting of transactions wherein one party is obligated to pay the price and the other party is obligated to transfer title to or possession of the item sold, *but it does not include* the delivery of items thereafter nor the preliminary acts of promoting or soliciting retail sales." (Emphasis added.) R.C. 5739.01(P).

The court implied that, if R.C. 5739.01(P) *as amended* (*i.e.,* R.C. 5739.01[O] today) were in effect during the audit period, it would hold for appel-

lant. *Id.* at 189. However, since the court was forced to apply the above-quoted statute to the facts presented, the appellant lost in the *Highlights* case.

Based on the foregoing, we sustain the appellant's assignments of error and hold that the decision of the Board of Tax Appeals is unreasonable and unlawful. The decision is reversed and this cause is remanded to the Board of Tax Appeals for further proceedings consistent with this opinion.

*Decision reversed*
*and cause remanded.*

STERN, J., concurs.

LEONARD J. STERN, J., retired, of the Ohio Supreme Court, assigned to active duty pursuant to Section 6(C), Article IV, Ohio Constitution.

WILLIAM B. BROWN, J., retired, of the Ohio Supreme Court, participated in the hearing but not in the disposition of this case.