LOCTITE CORPORATION, APPELLEE, *v.* TRACY, TAX COMMR., APPELLANT.

[Cite as *Loctite Corp. v. Tracy* (1994), 71 Ohio St.3d 401.]

(No. 93–2511—Submitted November 2, 1994—Decided December 23, 1994.)

*Jones, Day, Reavis & Pogue* and *Roger F. Day,* for appellee.

*Lee Fisher,* Attorney General, and *Steven L. Zisser,* Assistant Attorney General, for appellant.

---

MOYER, C.J. The issue presented is whether purchased items used to design and create a prototype that do not become a part of a package are "materials" within the meaning of the sales tax exemption for packages under R.C. 5739.02(B)(15).[1] Because these items are not an essential part of the packages used to hold the product, they are not exempt from taxation.

During the relevant audit period, R.C. 5739.02(B)(15), which exempts from sales taxes a manufacturer's purchase of packages, provided:

"(B) The tax does not apply to the following:

" * * *

"(15) *Sales* to persons engaged in any of the activities mentioned in division (E)(2) of section 5739.01 of the Revised Code, *of packages, including material and parts therefor,* and of machinery, equipment, and material for use in packaging tangible personal property produced for sale, or sold at retail. *Packages include bags, baskets, cartons, crates, boxes, cans, bottles, bindings, wrappings, and other similar devices and containers* and 'packaging' means placing therein." (Emphasis added.) (140 Ohio Laws, Part I, 832.)

In *Natl. Tube Co. v. Glander* (1952), 157 Ohio St. 407, 47 O.O. 313, 105 N.E.2d 648, paragraphs one and two of the syllabus, we announced the principles for interpreting the sales and use tax statutes. First, "the presumption obtains that every sale or use of tangible personal property in this state is taxable." Second, "[s]tatutes relating to exemption or exception from taxation are to be strictly construed, and one claiming such exemption or exception must affirmatively establish his right thereto." It is against these principles that we review the case before us.

It is undisputed that Loctite is engaged in an activity mentioned in R.C. 5739.01(E)(2). Moreover, both parties agree that the blister-card packs themselves are exempt "packages" under R.C. 5739.02(B)(15). The issue is whether Loctite's purchases of the color separation negatives and chromolins used in creating the prototype blister card are exempt from taxation as "material" used for its packages.

---

1. Because R.C. 5741.02(C)(2) renders sales tax exceptions applicable to the use tax, discussion will be limited to the sales tax.

"Material" is not defined by R.C. Chapter 5739. However, in *Terteling Bros., Inc. v. Glander* (1949), 151 Ohio St. 236, 39 O.O. 60, 85 N.E.2d 379, paragraph three of the syllabus, we held that:

" '*Materials*' furnished to a producer for the production of tangible personal property for 'sale,' * * * *may be any matter of a physical nature of or from which any corporeal thing is constituted and made,* and *depends upon the character of the personal property so produced.* * * * "[2] (Emphasis added.)

To be considered a "constituent" of or from which the tangible personal property is made, the purchased item must be "an essential part" that serves to form, compose, or make up the property produced. Webster's Third New International Dictionary (1986) 486. Moreover, the character of the final product determines whether an item is essential so as to be considered an exempt "material" under R.C. 5739.02(B)(15).

In the case at bar, the personal property produced was the blister-card packages. One of the defining characteristics of a package is that it must "restrain [the] movement of the packaged object in more than one plane of direction." *Custom Beverage Packers v. Kosydar* (1973), 33 Ohio St.2d 68, 73, 62 O.O.2d 417, 419, 294 N.E.2d 672, 675. See, also, *Cole Natl. Corp. v. Collins* (1976), 46 Ohio St.2d 336, 338, 75 O.O.2d 396, 397, 348 N.E.2d 708, 709. Applying the precedent of earlier cases it is clear that only those items that are essential to the restraining of movement of the goods to be sold are exempt under the packaging exception of R.C. 5739.02(B)(15). The cards and plastic blisters are exempt because they perform the exempt function of a package. The color separation negatives and chromolins are not exempt because they do not constitute or make up the property serving that function.

The plain language of R.C. 5739.02(B)(15) supports that conclusion. The first sentence of the statute includes, within the exemption, the material and parts for packages. But the last sentence of the statute, which cites examples of packages, indicates that only material and parts that serve the essential purpose of the package are exempt. Excluded from the examples is any suggestion of materials used to produce any information appearing on the package. We discern from the words chosen by the General Assembly an intent to except only those packages, materials and parts that restrain the packaged product.

Loctite argues that we should follow our decision in *Federated Dept. Stores, Inc. v. Limbach* (1989), 42 Ohio St.3d 34, 536 N.E.2d 1165, in which we held that the materials used to produce camera-ready copy for printing advertising that

---

2. Although *Terteling Bros., Inc.* involved a review of the predecessor to R.C. 5739.01, we find it helpful in our review of R.C. 5739.02, which is a stricter statute.

describes and prices items for sale are exempt under R.C. 5739.01(O).[3] *Federated Dept. Stores* is easily distinguishable from the present case. Although the assessed items here are similar to those in *Federated Dept. Stores,* the tax exemption sought by Loctite is different. In *Federated Dept. Stores,* the assessed items were essential to the creation of printed advertising matter that priced and described items for retail sale, thus fulfilling the purpose of the printed matter exception provided by R.C. 5739.01(O). The exception to taxation granted in R.C. 5739.01(O) is less restrictive than that granted in R.C. 5739.02(B)(15), and the assessed items in this case are not essential to the purpose of the package. The purpose of the color separation negatives and chromolins at issue is to copy information *onto* the exempt package. While the information may be useful for marketing purposes, it is in no way necessary or relevant for the function of the package.

We agree with the conclusion of the BTA that the color separation negatives and chromolin proofs are necessary in creating the product information that appears on the blister cards. We disagree, however, with the suggestion that these items in any way further the purpose of the blister-card package in restricting the movement of the product so as to fall under the packaging exemption of R.C. 5739.02(B)(15). Loctite's primary economic purpose for these items was to facilitate the marketing of its products, not the packaging of them.

For the foregoing reasons we conclude there was insufficient probative evidence for the BTA to conclude that the purchase of the color separation negatives and chromolins is excepted from taxation pursuant to R.C. 5739.02(B)(15). Therefore, the decision of the BTA is reversed.

*Decision reversed.*

A.W. SWEENEY, DOUGLAS, WRIGHT and RESNICK, JJ., concur.

F.E. SWEENEY and PFEIFER, JJ., dissent and would affirm the Board of Tax Appeals.

---

3. This statute, formerly R.C. 5739.01(O), provides:
   " 'Making retail sales' means the effecting of transactions wherein one party is obligated to pay the price and the other party is obligated to provide a service or to transfer title to or possession of the item sold, but it does not include the delivery of items thereafter nor the preliminary acts of promoting or soliciting the retail sales, other than the distribution of printed matter which displays or describes and prices the item offered for sale." (140 Ohio Laws, Part II, 4783.)