NEWFIELD PUBLICATIONS, INC., APPELLANT, *v.* TRACY, TAX COMMR., APPELLEE.

[Cite as *Newfield Publications, Inc. v. Tracy* (1999), 87 Ohio St.3d 150.]

(No. 98–2150—Submitted June 22, 1999—Decided November 10, 1999.)

---

1.   We deny grievant Stanek's motion for leave to file objections to the board's report.

*Baker & Hostetler, L.L.P., Edward J. Bernert* and *George H. Boerger,* for appellant.

*Betty D. Montgomery,* Attorney General, and *Phyllis J. Shambaugh,* Assistant Attorney General, for appellee.

---

***Per Curiam.*** R.C. 5739.02(B)(15) sets forth the packaging exemption, and R.C. 5741.02(C)(2) applies this sales tax exemption to the use tax. R.C. 5739.02(B)(15) states:

"Sales to persons engaged in any of the activities mentioned in division (E)(2) or (9) of section 5739.01 of the Revised Code, to persons engaged in making retail sales, or to persons who purchase for sale from a manufacturer tangible personal property that was produced by the manufacturer in accordance with specific designs provided by the purchaser, of packages, including material and parts for packages, and of machinery, equipment, and material for use primarily in packaging tangible personal property produced for sale by or on the order of the person doing the packaging, or sold at retail. 'Packages' includes bags, baskets, cartons, crates, boxes, cans, bottles, bindings, wrappings, and other similar devices and containers, and 'packaging' means placing therein."

In *Custom Beverage Packers,* we employed, after studying the statute, a two-step test to determine whether a purchase qualifies for the packaging exemption. At 33 Ohio St.2d at 73, 62 O.O.2d at 419, 294 N.E.2d at 675, we stated:

"An examination of that statute reveals that, in order to qualify for tax exception, the taxpayer must be engaged in an enterprise described in R.C. 5739.01(E)(2) [or (9)]. Second, the item for which exception is sought must meet the definition of 'packages' contained in R.C. 5739.02(B)(15), within that section, or must be equipment which operates on such an item."

We then noted that the items named in R.C. 5739.02(B)(15) did not necessarily fully enclose the product packaged but did "restrain movement of the packaged object in more than one plane of direction." *Id.* Finally, we ruled that unbound pallets on which the taxpayer placed cases of beverages were not packages; the unbound pallets restrained movement of cases in only the downward direction.

Newfield maintains that the BTA, after it had determined that Newfield's purchases passed the two-step test of *Custom Beverage Packers,* added an unwarranted third step, that Newfield needed to send the packages to a qualified destination. The commissioner argues that this equipment does not qualify for exemption because the function of the equipment is to weigh and sort already packaged products for mailing purposes. We agree with Newfield and reverse the BTA's decision.

In *Cole Natl. Corp. v. Collins* (1976), 46 Ohio St.2d 336, 75 O.O.2d 396, 348 N.E.2d 708, we denied exemption because the items claimed to be packages, which were display cases and racks, functioned predominantly as a marketing aid. We ruled that an item that prevented movement in more than one plane of direction, under *Custom Beverage Packers,* was not a package if its predominant economic purpose was to facilitate the marketing of the taxpayer's products rather than to package the products. Thus, under *Cole Natl.,* we must determine whether the disputed item functions as a package.

According to the Black's Law Dictionary (6 Ed.1990) 1108, "package" means:

"A bundle put up for transportation or commercial handling; a thing in form to become, as such, an article of merchandise or delivery from hand to hand. A parcel is a small package * * *. Each of the words denotes a thing in form suitable for transportation or handling, or sale from hand to hand. As ordinarily understood in the commercial world, it means a shipping package."

Webster's Third New International Dictionary (1993) 1617, defines "package" as "3a: a covering wrapper or container * * * a protective unit for storing or shipping a commodity."

Under these definitions, the function of a package is to contain a product for shipping or handling. The BTA found that the bulk boxes contained the individual packages and qualified as packages. The bulk boxes contained Newfield's products and facilitated shipping and handling of these products. We do not agree with the BTA that the bulk boxes did not qualify because they merely served as a device for transporting Newfield's packaged products to a mail center. Facilitating shipping and handling of products is the exact function and purpose of a package. We read exemption statutes strictly, *Natl. Tube Co. v. Glander* (1952), 157 Ohio St. 407, 47 O.O. 313, 105 N.E.2d 648, paragraph two of the syllabus, but we will not require more qualifications for an exemption than the General Assembly does. *Wheeling Steel Corp. v. Porterfield* (1970), 24 Ohio St.2d 24, 27–28, 53 O.O.2d 13, 15, 263 N.E.2d 249, 251.

Moreover, under *Union Carbide Corp. v. Limbach* (1992), 62 Ohio St.3d 548, 584 N.E.2d 735, the equipment that conveys the products to be shipped to the packages for placement therein is exempt under the packaging exemption. As in *Union Carbide,* the disputed equipment in this case is a series of machines that are in continuous operation and are integral and essential parts of the equipment used in placing the products into packages.

The instant system is unlike the system in *Ball Corp. v. Limbach* (1992), 62 Ohio St.3d 474, 584 N.E.2d 679, relied on by the commissioner. In *Ball Corp.,* the conveyor system moved constructed cartons to workstations, where an employee inserted partitions, and then to a packaging station, where a packer

placed the bottles into the cartons. Here, the equipment conveyed the products to the packages and placed the products in packages.

Accordingly, we hold that the BTA's decision is unlawful and reverse it.

*Decision reversed.*

Moyer, C.J., Douglas, Resnick, F.E. Sweeney, Pfeifer, Cook and Lundberg Stratton, JJ., concur.