[This decision has been published in *Ohio Official Reports* at 97 Ohio St.3d 48.]

MOULTON GAS SERVICE, INC., APPELLEE AND CROSS-APPELLANT, *v.* ZAINO,
TAX COMMR., APPELLANT AND CROSS-APPELLEE.

[Cite as *Moulton Gas Serv., Inc. v. Zaino,* 2002-Ohio-5309.]

*Taxation—Use tax—Exemptions—R.C. 5739.02(B)(15) packaging exemption—*
*Liquid propane delivery truck bobtail tanks are not packages within the*
*meaning of R.C. 5739.02(B)(15) and therefore not exempt from use tax—*
*Bulk tanks used to store liquid propane transferred from bobtail tanks*
*cannot be considered packaging equipment for bobtail tanks and therefore*
*not exempt under R.C. 5739.02(B)(15) as machinery or equipment used*
*primarily in packaging tangible personal property sold at retail — Labor*
*charges for installing and repairing the tanks and the equipment used to*
*transfer the propane to and from the tanks not exempt from use tax.*

(No. 2001-1546—Submitted September 18, 2002—Decided October 16, 2002.)

APPEAL and CROSS-APPEAL from the Board of Tax Appeals, No. 98-T-1419.

————————————

**Per Curiam.**

{¶1} Appellee and cross-appellant, Moulton Gas Service, Inc., is a retail distributor of liquid propane for residential and commercial use. Moulton buys propane on the wholesale market and has it delivered to its retail and satellite facilities by independent tanker truck. The retail and satellite facilities are equipped with one or more above-ground cylindrical bulk tanks mounted on concrete piers. The bulk tanks range in size from 18,000 to 40,000 gallons. Moulton attempts to balance its daily deliveries from suppliers with its daily deliveries to customers so that only a small amount of propane is actually stored in the bulk tanks for more than a day.

**{¶2}** Moulton pumps the liquid propane from its bulk tanks to tanks mounted on its delivery trucks through a specialized arrangement of pipes, pumps, and valves. Moulton's delivery trucks, referred to as "bobtail trucks," are straight bed trucks which have been specially outfitted with tanks ("bobtail tanks") that range in size from 3,000 to 3,500 gallons, along with the pumping and handling equipment necessary to transfer the liquid propane from the tank on the bobtail truck to the customer's tank.

**{¶3}** Appellant and cross-appellee, Tax Commissioner, issued and affirmed a use tax assessment against Moulton for the audit period July 1, 1993, through June 30, 1996. Moulton appealed the assessment to the Board of Tax Appeals ("BTA"), where it contested the assessment of use tax against its purchases of the bulk tanks, the bobtail tanks, equipment used to pump the liquid propane to and from the bobtail tanks, and installation and repair charges related to the bobtail tanks and the bulk tanks. Purchases of the truck chassis on which the bobtail tanks are mounted are not in issue.

**{¶4}** The BTA exempted the bobtail tanks as packages. However, the BTA denied exemption to the bulk tanks as packages or as equipment used in packaging. In addition, the BTA denied Moulton's claim of exemption for equipment used to pump the liquid propane to and from the bobtail tanks and for labor, parts, and equipment used in connection with the installation and repair of both the bulk tanks and bobtail tanks.

**{¶5}** This cause is now before the court upon an appeal and cross-appeal as of right.

**{¶6}** In his appeal, the Tax Commissioner contests the BTA's exemption of the bobtail tanks. Moulton cross-appealed, contesting the BTA's denial of exemption for equipment, installation, and repair charges relating to the bobtail tanks. In addition, Moulton contests the BTA's denial of exemption for the bulk

tanks and for the labor charges and parts used in the installation and repair of the bulk tanks.

{¶7} The question presented by the Tax Commissioner's appeal is whether the storage, use, or consumption in Ohio of the bobtail tanks is exempt under the packaging exemption set forth in R.C. 5739.02(B)(15), as made applicable to the use tax by R.C. 5741.02(C)(2).

{¶8} R.C. 5739.02 provides:

{¶9} "(B) The tax does not apply to the following:

{¶10} "* * *

{¶11} "(15) Sales * * * to persons engaged in making retail sales * * * of packages, including material, labels, and parts for packages, and of machinery, equipment, and material for use primarily in packaging tangible personal property produced for sale * * * by or on the order of the person doing the packaging, or sold at retail. 'Packages' includes bags, baskets, cartons, crates, boxes, cans, bottles, bindings, wrappings, and other similar devices and containers, and 'packaging' means placing therein."

{¶12} We begin our analysis of this exception by recognizing that there is a presumption that every sale or use of tangible personal property in this state is taxable. In addition, statutes relating to exemption or exception from taxation are to be strictly construed, and one claiming such exemption or exception must affirmatively establish his or her right thereto. *Natl. Tube Co. v. Glander* (1952), 157 Ohio St. 407, 47 O.O. 313, 105 N.E.2d 648, paragraphs one and two of the syllabus.

{¶13} In *Custom Beverage Packers, Inc. v. Kosydar* (1973), 33 Ohio St.2d 68, 73, 62 O.O.2d 417, 294 N.E.2d 672, we stated that the examples of packages set forth in R.C. 5739.02(B)(15) "circumscribe and contain whatever is packaged. These items may not necessarily fully enclose, but they do restrain movement of the packaged object in more than one plane of direction." However, in *Cole Natl.*

*Corp. v. Collins* (1976), 46 Ohio St.2d 336, 338, 75 O.O.2d 396, 348 N.E.2d 708, we limited the preceding statement from *Custom Beverage Packers,* stating that although *Custom Beverage Packers* "sets forth an essential characteristic of a package, it does not provide the sole criterion for making such a determination. Not all items that restrict movement in more than one direction are packages." Thus, while the bobtail tanks restrict the propane's movement in more than one plane of direction, that is not the sole criterion for determining whether they are packages within the meaning of R.C. 5739.02(B)(15). To be considered a package within the meaning of R.C 5739.02(B)(15), an item must either be included in the specific listing set forth for the term "packages" in R.C. 5739.02(B)(15) or be includable as "other similar devices and containers."

{¶14} When there is a listing of specific terms followed by a catchall word or phrase which is linked to the specific terms by the word "other," and the statute is to be strictly construed, we apply the doctrine of ejusdem generis. In *State v. Aspell* (1967), 10 Ohio St.2d 1, 39 O.O.2d 1, 225 N.E.2d 226, paragraph two of the syllabus we held: "Under the rule of *ejusdem generis*, where in a statute terms are first used which are confined to a particular class of objects having well-known and definite features and characteristics, and then afterwards a term having perhaps a broader signification is conjoined, such latter term is, as indicative of legislative intent, to be considered as embracing only things of a similar character as those comprehended by the preceding limited and confined terms."

{¶15} We have previously considered facts similar to those presented by this case in *Southwestern Portland Cement Co. v. Lindley* (1981), 67 Ohio St.2d 417, 21 O.O.3d 261, 424 N.E.2d 304, where the taxpayer sought exemption for equipment used to convey wet cement from storage cars to trucks and railroad cars. The taxpayer contended that the trucks and railroad cars were packages for the wet cement. We rejected the taxpayer's contention, stating, "A truck or railroad car is not at all similar to the devices listed in R.C. 5739.02(B)(15)" and "that trucks and

railroad cars cannot be termed 'packages.' " Id. at 424, 21 O.O.3d 261, 424 N.E.2d 304.

{¶16} When we consider the items listed in R.C. 5739.02(B)(15) and apply the principle of ejusdem generis, and our holding in *Southwestern Portland Cement Co.*, we find that the bobtail tanks are not similar to the items listed in R.C. 5739.02(B)(15) and, therefore, cannot be considered "packages" within the meaning of R.C. 5739.02(B)(15).

{¶17} In its cross-appeal Moulton contends that its bulk tanks are used to facilitate the shipping and handling of propane and are therefore exempt as packaging equipment under R.C. 5739.02(B)(15). Because we found that the bobtail tanks are not packages within the meaning of R.C. 5739.02(B)(15), the bulk tanks cannot be considered packaging equipment for the bobtail tanks. Therefore, we find that the bulk tanks are not exempt under R.C 5739.02(B)(15) as machinery or equipment used primarily in packaging tangible personal property sold at retail.

{¶18} Likewise, because the bobtail tanks and bulk tanks are not packages or packaging equipment, we find Moulton's remaining contentions regarding the labor charges for installing and repairing the tanks and the equipment used to transfer the propane to and from the tanks to be without merit.

{¶19} Accordingly, we hold that the BTA's decision exempting the bobtail tanks is unreasonable and unlawful, and we reverse it. We further hold that the BTA's decision not to exempt the bulk tanks, labor charges for installing and repairing the tanks, and equipment used to transfer propane to and from the tanks is reasonable and lawful, and we affirm it.

Decision affirmed in part
and reversed in part.

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY and COOK, JJ., concur.

PFEIFER and LUNDBERG STRATTON, JJ., concur in part and dissent in part.

—————————

**LUNDBERG STRATTON, J., concurring in part and dissenting in part.**

{¶20} I respectfully dissent from the majority's decision to reverse the BTA's ruling that allowed exemption of the bobtail tanks. Moulton distributes liquid propane gas to residential and commercial customers. Moulton pumps the product from bulk tanks into what are called "bobtail tanks," i.e., tanks affixed to vehicle chassis that are used to deliver the product to customers. The truck chassis are separate components that are not at issue. I agree with the BTA's conclusion that the bobtail tanks are "packages" within the meaning of R.C. 5739.02(B)(15). Therefore, I would affirm the BTA's decision.

{¶21} In order for these tanks to be exempt, they must meet the definition of "packages" in R.C. 5739.02(B)(15). *Custom Beverage Packers, Inc. v. Kosydar* (1973), 33 Ohio St.2d 68, 73, 62 O.O.2d 417, 294 N.E.2d 672. The statute lists obvious examples such as bags, baskets, cartons, boxes, cans and wrappings, in addition to the catchall of "other similar devices and containers." This court has described packages as "items which circumscribe and contain whatever is packaged" and that "restrain movement of the packaged object in more than one plane of direction." Id. The "function of a package is to contain a product for shipping or handling." *Newfield Publications, Inc. v. Tracy* (1999), 87 Ohio St.3d 150, 153, 718 N.E.2d 420. The bobtail tanks at issue certainly fit within these descriptions; they circumscribe the propane, restrain its movement in more than one plane of direction, and contain it for shipping.

{¶22} I liken this case to *AGA Gas, Inc. v. Limbach* (Aug. 21, 1987), BTA No. 85-E-117, a case upon which the BTA relied. AGA manufactured and sold various gases, including some in liquid form. Depending upon the needs of the customer, AGA put the gas into containers known as cylinders, banks, tubes, or pipelines for transporting it to the customer. The BTA concluded that these specialized containers were packages within the meaning of R.C. 5739.02(B)(15) and should be exempt from taxation. I agree with the board's reasoning.

{¶23} In *LAI Properties, Inc. v. Tracy* (Feb. 9, 1996), BTA No. 94-M-293, the BTA compared cylinders attached to trailers that LAI used to transport gases to its customers to the tax-exempt containers used by AGA. In *LAI*, the BTA distinguished *Southwestern Portland Cement Co. v. Lindley* (1981), 67 Ohio St.2d 417, 21 O.O.3d 261, 424 N.E.2d 304, in which this court refused to exempt equipment used to convey wet cement from trucks to railroad cars. The court rejected the taxpayer's argument that trucks and railroad cars were packages.

{¶24} Here, the BTA compared this case to the facts in *AGA* and *LAI* and distinguished this case from *Southwestern Portland Cement*. Nevertheless, the majority ignores the BTA's analysis and compares Moulton's bobtail tanks used to contain liquid gas to trucks or railroad cars. I do not agree.

{¶25} I would find that the bobtail tanks are packages within the meaning of R.C. 5739.02(B)(15) because they are used to contain Moulton's liquid propane gas for shipment. The bobtail tanks restrain the movement of the gas in more than one plane of direction. They are similar in nature to the containers used by AGA and LAI to hold gases for shipment, and they are unlike the trucks and railroad cars in *Southwestern Portland Cement* that this court deemed merely conveyance items that are not exempt.

{¶26} Therefore, I respectfully dissent from the majority's decision to reverse the BTA's ruling that allowed exemption of the bobtail tanks.

PFEIFER, J., concurs in the foregoing opinion.

———————————

Rob C. Wiesenmayer II, R.C. Wiesenmayer and Courtney W. Burton, for appellee and cross-appellant.

Betty D. Montgomery, Attorney General, and Richard C. Farrin, Assistant Attorney General, for appellant and cross-appellee.

Means, Bichimer, Burkholder & Baker Co., L.P.A., Craig D. Leister and Rachel A. Leier, for amicus curiae Ohio Propane Gas Association, in support of appellee and cross-appellant.

_____