**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 12a1264n.06

**No. 11-3130**

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

FILED

*Dec 10, 2012*

LEONARD GREEN, Clerk

|  |  |  |
|---|---|---|
| JEROME S. COLLEY, SR., individually and as the administrator of the Estate of Jerome Colley, Jr., deceased, | ) ) ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF OHIO |
| | ) | |
| REBECCA LYNN REISERT, executor of the Estate of Rudolph Crandall, deceased, | ) ) | |
| | ) | |
| Defendant, | ) | |
| | ) | |
| STATE AUTOMOBILE MUTUAL INSURANCE COMPANY, | ) ) | |
| | ) | |
| Intervenor Defendant-Appellant. | ) | |

Before: MARTIN and DAUGHTREY, Circuit Judges; MALONEY, District Judge.[*]

PER CURIAM.   The litigation in this case arose in admiralty law, stemming from a boating accident on the Ohio River near Cincinnati that caused the death of Jerome Colley, Jr., and Rudolph Crandall.  Although the identity of the boat's operator at the time of the accident was disputed, the boat itself was titled to Crandall's mother, Dorothy Crane.[1]

---

[*] The Hon. Paul L. Mahoney, Chief United States District Judge for the Western District of Michigan, sitting by designation.

[1] Crane was originally named a defendant in this action but apparently settled with the plaintiff after filing a petition for limitation of liability under 46 U.S.C. § 30505, which resulted in the issuance of a restraining order by the district court in Case No. 1:09-CV-831.  In order to secure protection, Crane had to concede

Jerome Colley, Sr., on behalf of his son's estate, filed a wrongful death action against Crandall's sister, Rebecca Reisert, who was acting as the executor of Crandall's estate, alleging negligence in the operation of the boat. As the case progressed to trial, State Automobile Mutual Insurance Company (State Auto) filed a request to intervene, seeking a declaratory judgment that the boat was not covered under the homeowner's and umbrella insurance policies that it provided to Dorothy Crane.

State Auto argued that Crandall was the actual owner of the boat, a 1987 Wellcraft Scarab, because he had purchased the speedboat for his own use and was, in fact, its principal operator; Crandall had also paid for its maintenance and off-season storage, undertaken major improvements to the boat, and paid the annual premiums for the State Farm Insurance policy that he carried on the boat, listing himself as the owner. Indeed, when the State Auto agent who sold Dorothy Crane the umbrella policy at issue in 2004 learned shortly thereafter that the Wellcraft Scarab was titled in his customer's name, he had someone in the State Auto office contact Crane to tell her that it was "urgent to get the boat out of her name." Nevertheless, at the time of the fatal boating accident in 2008, the boat was still titled in Crane's name.

ownership of the boat involved in the accident under oath.

After carefully reviewing Ohio statutory law, the district court held that "Crane, who held title to the boat, was the owner," citing Ohio Revised Code § 1548.04.[2] At the same time, the district court rejected State Auto's reliance on *Smith v. Nationwide Mutual Insurance Company*, 37 Ohio St.3d 150 (Ohio 1988), and its invocation of the Uniform Commercial Code as misplaced. *Smith* involved the sale of an automobile that was involved in an accident before the new owner/operator could secure a valid certificate of title to the vehicle. In holding that an insurance policy held by the former owner did not cover the damages, the Ohio Supreme Court opted to apply a provision of the U.C.C. found in Ohio Revised Code § 1302.42(B) ("title passes to the buyer at the time and place at which the seller completes performance with reference to the physical delivery of the goods"), rather than then-§ 4505.04 ("[n]o person acquiring a motor vehicle from the owner thereof . . . shall acquire any right, title, claim, or interest in or to said motor vehicle until such person has had issued to him a certificate of title to said motor vehicle"). As the district court pointed out, "This matter does not involve a sales transaction in which the boat was physically delivered while a certificate of title was not." As a result, the court held, "there is no question that Crane intentionally held the certificate of title for years, so as to benefit her Son" and, therefore, "was the owner of the boat."

---

[2]That statute provides:

No court in any case at law or in equity shall recognize the right, title, claim, or interest of any person in or to any watercraft or outboard motor sold or disposed of, or mortgaged or encumbered, unless evidenced: (A) By a certificate of title or a manufacturer's or importer's certificate issued in accordance with Chapter 1548. of the Revised Code; (B) By admission in the pleadings or stipulation of the parties.

We conclude that the district court did not err in finding that Dorothy Crane was the owner of the  speedboat at the time of the accident and that her State Auto homeowner's policy, as an underlying policy, and her State Auto umbrella policy provided coverage for the damages claimed by the Colley Estate.  Moreover, we find no merit to the claim that because State Auto's agent should not have been permitted to testify as an expert, the district court's decision must be reversed.  The fact that the district court clearly did not rely on his testimony in deciding to deny a declaratory judgment means that the error – if it was an error – did not prejudice State Auto.

AFFIRMED.