Hart, J.
 

 The sole issue is whether real property, title to which is vested in and held by a board of education for school purposes and upon which funds have been expended and improvements made preparatory to the construction of a school building thereon, may be exempted from taxation pursuant to the provisions of Section 2, Article XII of the Constitution, and of Section 4834-16, General Code, even though no schoolhouse has been constructed on such property, or whether such real property must remain taxable until a schoolhouse is actually erected thereon.
 

 The board of education takes the position that, pursuant to the provision of Section 4834-16, General Code, real property purchased by the board for public-school purposes constitutes public property and as such is eligible for exemption from taxation as and when it is wholly devoted to public use, and that this occurs as soon as the board begins to develop the property for school purposes and all other use of the property has come to an end.
 

 On the other hand, the Board of Tax Appeals takes the position that, under Section 2, Article XII of the Constitution, even though property is owned by a board of education for public-school purposes it may not be exempted from taxation until such time as a schoolhouse actually exists upon the property.
 

 Section 2, Article XII of the Constitution, so far as pertinent to this case, provides:
 

 “* * * Lancl and improvements thereon shall be taxed by uniform rule according to value. All bonds outstanding on the 1st day of January, 1913, of the state of Ohio or of any city, village, hamlet, county
 
 *567
 
 or township in this state, or which have been issued in behalf of the public schools of Ohio and the means of instruction in connection therewith, * * * shall be exempt from taxation, and without limiting the general power, subject to the provisions of Article I of this Constitution, to determine the subjects and methods of taxation or exemptions therefrom, general laws may be passed to exempt * * *
 
 public school houses,
 
 * * * and
 
 public property used exclusively for any public purpose
 
 * * *.” (Italics supplied.)
 

 Section 4834-16, General Code, provides as follows:
 

 “Real or personal property
 
 vested in any board of education
 
 shall be exempt from taxation and from sale on execution or other writ or order in the nature of an execution.” (Italics supplied.)
 

 The provisions of the Constitution authorizing the exemption from taxation of public schoolhouses and public property used exclusively for any public purpose are not self-executing. The exemption must be provided for by legislative enactment.
 
 Wehrle Foundation
 
 v.
 
 Evatt, Tax Commr.,
 
 141 Ohio St., 467, 49 N. E. (2d), 52. The General Assembly in the enactment of Section 4834-16, General Code, exercised its constitutional power so granted, and at the same time gave legislative interpretation of such grant of power. The question arisefe whether, in the enactment of Section 4834-16, General Code, the General Assembly exceeded its constitutional grant of power.
 

 The exemption from taxation sought by the board of education was for the year 1947. The record dis-' closes that the property in question became vested in the board of education for school purposes not later than March 13, 1947. This court concludes from the record that improvements on the property necessary for its use for. school purposes were begun before April 13, 1947, tax lien day; that such improvements
 
 *568
 
 were necessary and proper in the dedication to and in the use of the property for school purposes; that in the acquisition and improvement of this property it became public property used exclusively for a public purpose; and that it was from that time forward devoted to no other use.
 

 In the opinion of this court, a distinction must be. made in the exemption of private property which is ultimately used'for a charitable purpose and property purchased by public authorities for a public purpose and being prepared to serve the public use.- The property in question was purchased by the -board of education, a public entity engaged in a governmental function for the benefit of the public. Under a clear interpretation of Section 4834-16, General Code, the property became subject to exemption from taxation when title vested in the board of education. The board was without authority or power to purchase it for any other purpose than a public use. Section 4834, General Code.
 

 This property not only became public property but was used exclusively for a public'purpose and was exemptible from taxation under the express provisions of the Constitution and statutes.
 
 Board of Education of Cincinnati
 
 v.
 
 Volk,
 
 72 Ohio St., 469, 74 N. E., 646;
 
 Dayton Metropolitan Housing Authority
 
 v.
 
 Evatt, Tax Commr.,
 
 143 Ohio St., 10, 16, 53 N. E. (2d), 896, 152 A. L. R., 223.
 

 The decision of the Board of Tax Appeals is reversed and the proceeding remanded with instruction to grant exemption.
 

 Decision reversed.
 

 Turner, Sohngen and Stewart, JJ., concur.
 

 Weygandt, C. J., Matthias and Zimmerman, JJ., dissent.