By the Court.
These two appeals are from decisions of the Board of Tax Appeals denying applications to exempt real estate from taxation.
Cause No. 31779 involves parcels of real estate held in the name of either the University of Cincinnati, the city of Cincinnati for use and benefit of the university, or in the names of trusts for the university. Except for two of them, properties are rented commercially and all rents, issues, profits and income thereof have been applied to the exclusive use, endowment and support of the university.
Tax exemption was asked under Section 4003-15, General Code (120 Ohio Laws, 475, 500), which became effective September 16, 1943, and is former Section 7915-1, General Code, both of which read:
"All such property, personal or mixed, or real property located within the county in which a university, college or other educational institution of any municipal corporation is located, heretofore or hereafter so given to or received by the board of directors *144 of a university, college or other educational institution of any municipal corporation, the rents, issues, profits and income of which are used exclusively for the use, endowment or support of a university, college or other educational institutions of any municipal corporation, shall be exempted from taxation so long as such property or the rents, issues, profits or income thereof is used for and exclusively applied to the endowment or support of such university, college or other educational institution of such municipal corporation.”
Weygandt, C. J., Matthias, Hart, Zimmerman and Turner, JJ., are of opinion that the decision of the Board of Tax Appeals holding such properties not exempt should be affirmed on the ground that Section 4003-15, General Code, is unconstitutional since the power of the General Assembly to exempt property from taxation is limited by Section 2, Article XII of the Constitution, as amended on November 5, 1929, reading in part:
“Land and improvements thereon shall be taxed by uniform rule according to value. All bonds outstanding on the 1st day of January, 1913, of the state of Ohio or of any city, village, hamlet, county or township in this state, or which have been issued in behalf of the public schools of Ohio and the means of instruction in connection therewith, which bonds were outstanding on the 1st day of January, 1913, and all bonds issued for the world war compensation fund, shall be ■exempt from taxation, and without limiting the general power, subject to the provisions of Article I of this Constitution, to determine the subjects and methods of taxation or exemptions therefrom, general laws may be passed to exempt burying grounds, public school houses, houses used exclusively for public worship, institutions used exclusively for charitable purposes, and public property used exclusively for any public purpose, but all such laws shall be subject *145 to alteration or repeal; and the value of all property so exempted shall, from time to time, be ascertained and published as may be directed by law.”
Stewart and Taet, JJ., while questioning the legislative wisdom of providing for tax exemption to the extent authorized, are of opinion that the decision of the Board of Tax Appeals should be reversed on the ground that Section 2 of Article XII of the Constitution does not limit the power of the General Assembly to enact Section 4003-15, General Code. See dissenting opinion of Taft, J., in City of Cleveland v. Board of Tax Appeals, ante, 97.
Cause No. 31780 involves applications to exempt from taxation 28 unimproved sub-lots acquired through purchase by the Board of Education of the Cleveland City School District as the major portion of a site for a future junior high school building.
Tax exemption was asked under Section 4834-16, General Code, which became effective September 16, 1943, and reads:
“Real or personal property vested in any board of education shall be exempt from taxation and from sale on execution or other writ or order in the nature of an execution.”
Weygandt, C. J., Matthias, Zimmerman and Turner, JJ., are of opinion that the decision of the Board of Tax Appeals holding the properties not exempt should be affirmed on the ground that Section 4834-16, General Code, is unconstitutional as exceeding the limitation in Section 2, Article XII of the Constitution, supra.
Hart, J.,
is of the opinion that while Section 4834-16, General Code, is unconstitutional, nevertheless the decision of the Board of Tax Appeals should be reversed on the grounds that not only title to the real estate involved is vested in the board of education, but the lots are being used exclusively for school purposes in being held until additional lots can be se *146 cured to complete the site, and in the meantime the real estate is not being used for other than school purposes and the property is exempt as authorized by the foregoing provision of the Constitution as construed in Board of Education of City School Dist. of City of Cincinnati v. Board of Tax Appeals, 149 Ohio St., 564, 80 N. E. (2d), 156.
Stewart and Taft, JJ., are of the view that the decision should he reversed on the ground that Section 2 of Article XII of the Constitution does not limit the power of the General Assembly to enact Section 4834-16, General Code, exempting the property. See dissenting opinion of Taft, J., in City of Cleveland v. Board of Tax Appeals, ante, 97.
Although a majority of the members of this court are of the opinion that Sections 4003-15 and 4834-16, General Code, are unconstitutional, more than one member of the court do not concur in that viewpoint.
Section 2, Article IV of the Constitution, provides in part: “No law shall be held unconstitutional and void by the Supreme Court without the concurrence of at least all but one of the judges, except in the affirmance of a judgment of the Court of Appeals declaring a law unconstitutional and void.” These cases do not involve a judgment of that court declaring a law unconstitutional.
Sections 4003-15 and 4834-16, General Code, are, therefore, constitutional and the real properties are entitled to exemption from taxation, except the two vacant lots involved in the Cincinnati University case. With regard to such lots there was nothing to be “used * # * for the use, endowment or support of” the university. The words of Section 4003-15, General Code, did not, therefore, provide for tax exemption of those lots.
The decisions of the Board of Tax Appeals are reversed.

Decisions reversed.