Montgomery County Park District, Appellee, *v.* Kinney, Commr. of Tax Equalization, Appellant.

[Cite as Montgomery Co. Park Dist. v. Kinney (1980), 61 Ohio St. 2d 88.]

(No. 79-793—Decided January 23, 1980.)

*Messrs. Smith & Schnacke, Mr. Paul E. Lacouture* and *Mr. Joseph M. Rigot,* for appellee.

*Mr. William J. Brown,* attorney general, and *Mr. John C. Duffy, Jr.,* for appellant.

WILLIAM B. BROWN, J. The issue presented in this cause is whether park district property must be used exclusively for public purposes for it to be extended a property tax exemption under R. C. 5709.10.

In relevant part, R. C. 5709.10 provides:

"***[P]roperty belonging to park districts, created pursuant to section 1545.01 of the Revised Code, shall be exempt from taxation."

The commissioner bases his appeal solely on the contention that R. C. 5709.10 implicitly includes an exclusive public use requirement. He does not dispute that the literal terms of R. C. 5709.10 merely require that a park district own the subject property.[1] Moreover, he admits that conditioning this tax exemption on mere park district ownership is valid under Section 2, Article XII of the Ohio Constitution, effective January 1, 1931.[2] *Denison University* v. *Bd. of Tax Appeals* (1965), 2 Ohio St. 2d 17, paragraph three of the syllabus.

The commissioner asserts that an exclusive public use requirement must be read into R. C. 5709.10 because, at the time of the enactment of the provision in R. C. 5709.10 (formerly G. C. 5356) exempting park district property from

---

[1] The commissioner concedes that appellee is a park district within the meaning of R. C. 1545.01, and that appellee owns the residential structures involved here.

[2] Effective January 1, 1931, Section 2, Article XII of the Ohio Constitution, was amended to read as follows:

"***without limiting the general power, subject to the provisions of Article I of this Constitution, to determine the subjects and methods of taxation or exemptions therefrom, general laws may be passed to exempt burying grounds, public school houses, houses used exclusively for public worship, institutions used exclusively for charitable purposes and public property used exclusively for any public purpose***." (Emphasis added.)

taxation, in 1920,[3] Section 2, Article XII of the Ohio constitution, as amended November 5, 1918, provided that "public property used exclusively for any public purpose***may, by general laws, be exempted from taxation***." He then argues that as a matter of statutory construction, neither the above 1931 amendment to Section 2 of Article XII, broadening the legislative power to permit such exemptions to be conditioned on mere public ownership, nor a later reenactment of the relevant provision in an amended version of R. C. 5709.10 in 1949, operates so as to delete exclusive public use as a statutory requirement.

We note the similarity between the relevant facts herein and those addressed by this court in *Atwell* v. *Board of Park Commrs.* (1965), 2 Ohio St. 2d 257. In *Atwell,* this court approved the granting of a tax exemption under R. C. 5709.10 on a mere showing of park district ownership, without considering the use made of the subject property. See, also, *Muskinghum* v. *Walton* (1970), 21 Ohio St. 2d 240, 244. The commissioner seeks to distinguish *Atwell* by noting that there "the issue of whether***R. C. 5709.10 [should] be read in light of [Section 2, Article XII of] the Ohio Constitution as it existed [in 1920] when the statute was enacted was not placed before the court for consideration."

Assuming, *arguendo,* that *Atwell, supra,* is so distinguishable, the substance of the commissioner's argument is nevertheless without merit. The relevant provision of R. C. 5709.10, as amended in 1949,[4] does not include an exclusive public ownership requirement nor was one constitutionally required subsequent to the 1931 amendment to Section 2, Article XII of the Ohio Constitution. *Denison, supra.* We assume that the General Assembly in 1949 was aware of the 1931 constitutional amendment, and reenacted the relevant provision of R. C. 5709.10 with it in mind. Since the language of R. C. 5709.10 as amended in 1949 is unequivocal in its requirement that a park district merely own the subject property, there is no basis for reading into it stricter requirements. See *Provident Bank* v. *Wood* (1973), 36 Ohio St. 2d 101, 105,

---

[3] 108 Ohio Laws 1285.

[4] 123 Ohio Laws 455.

106. Thus, at least as of 1949, property owned by a park district is entitled to a tax exemption under R. C. 5709.10, regardless of its use.[5]

The decision of the Board of Tax Appeals is affirmed.

*Decision affirmed.*

CELEBREZZE, C. J., HERBERT, P. BROWN, SWEENEY, LOCHER and HOLMES, JJ., concur.

---

[5] We do not determine whether the pre-1931 versions of Section 2, Article XII, ever required that an exclusive public use requirement be read into R. C. 5709.10. Moreover, assuming that before 1931 an exclusive public use requirement was implicitly included in R. C. 5709.10, we do not determine whether the 1931 amendment to Section 2, Article XII, was itself sufficient to delete it as a statutory requirement.