[**Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *Talawanda City School Dist. Bd. of Edn. v. Testa,* **Slip Opinion No. 2015-Ohio-5450.**]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2015-OHIO-5450

TALAWANDA CITY SCHOOL DISTRICT BOARD OF EDUCATION, APPELLANT, *v.* TESTA, TAX COMMR., APPELLEE.

[**Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *Talawanda City School Dist. Bd. of Edn. v. Testa,* **Slip Opinion No. 2015-Ohio-5450.**]

*Taxation—R.C. 3313.44—Real-property-tax exemption—Real property owned by a board of education is exempt from taxation.*

(No. 2014-1798—Submitted October 27, 2015—Decided December 30, 2015.)

APPEAL from the Board of Tax Appeals, No. 2012-1224.

_____

**O'CONNOR, C.J.**

{¶ 1} In this real-property-tax exemption case, the tax commissioner found that a portion of the property owned by the Talawanda City School District Board of Education ("BOE") was not used for school purposes, and he denied the claim of exemption as to that portion of the property. The Board of Tax Appeals ("BTA") affirmed, and the BOE has appealed.

**{¶ 2}** On its face, R.C. 3313.44 permits exemption based solely on ownership by the BOE. The dispute in this appeal centers on whether the statute nonetheless also requires that the property be used exclusively for school purposes. We hold that following its amendment in 2010, 2010 Am.Sub.S.B. No. 181, the statute does not contain a use restriction. Accordingly, we reverse the decision of the BTA and hold that the entire property described in the application shall be exempt for the year at issue.

### RELEVANT BACKGROUND

**{¶ 3}** On January 26, 2010, the BOE filed its application to exempt property located within the district, which encompasses Oxford in Butler County. Exemption was sought for tax year 2010 and remission for 2008 and 2009. The application recited that the BOE acquired five parcels in March and April 2009 to construct a new high school, which was scheduled to open in August 2011. The tax commissioner found that the total acreage involved in the application was 154.0487.

**{¶ 4}** The application disclosed that one of the five parcels was subject to two leasehold interests. First, one of the sellers was permitted to remain in his house under a lease that the BOE later terminated; the tenant departed in September 2009. Second, the BOE leased 34 acres for farming under an agreement with a term extending from April 15, 2009, through April 15, 2012. The lease contained an early termination clause. The rent was $65 per acre or $2,210 annually.

**{¶ 5}** On March 14, 2012, the tax commissioner granted an exemption pursuant to R.C. 3313.44 for all of the property except the 34 acres being farmed pursuant to lease. Citing a 2001 BTA decision involving the denial of an exemption for school land rented for farm use, the tax commissioner concluded that the pecuniary benefit realized by the farmer disqualified the land from exemption because that portion was not used for school purposes.

{¶ 6} The BOE appealed. At the BTA hearing on July 30, 2013, the BOE offered the testimony of the school district treasurer, along with several exhibits. The tax commissioner cross-examined the school district treasurer and presented exhibits of his own.

{¶ 7} The testimony primarily addressed the use of the property by the lessee of the BOE. The original use of the 34 acres as a farm had changed under a new lease to private farming of about 17 acres, with the farmer restoring natural grasses and maintaining trails on the remaining 17 acres as a nature preserve. Some school programs use the sustainable area. The Future Farmers of America program at the school derived some benefit from the farm's presence. The school treasurer asserted that the private farming reduced the BOE's costs in maintaining the property.

{¶ 8} The BTA issued its decision on September 26, 2014. BTA No. 2012-1224, 2014 WL 5148349 (Sept. 26, 2014). Relying primarily on its prior decision in *London City Schools Bd. of Edn. v. Zaino*, BTA No. 2000-B-1478, 2001 WL 46382 (Jan. 12, 2001), a case decided before the 2010 amendment to the statute at issue, the BTA agreed with the tax commissioner that school-owned property used for private farming rather than school purposes did not qualify for exemption.

{¶ 9} The BOE has appealed.

### THE STATUTE AT ISSUE

{¶ 10} The statute at issue, R.C. 3313.44, is an exemption provision that dates back to comprehensive school-reform legislation enacted in 1873. *See* An Act for the reorganization and maintenance of Common Schools, Section 72, 70 Ohio Laws 195, 215. The application at issue here pertains to 2010, and the General Assembly amended R.C. 3313.44 during 2010.

{¶ 11} Prior to the 2010 amendment, the statute read as follows: "Real or personal property vested in any board of education shall be exempt from taxation

and from sale or execution or other writ order in the nature of execution." H.B. No. 217, 120 Ohio Laws 475, 523.

**{¶ 12}** After the amendment, the statute reads as follows: "Real or personal property owned by or leased to any board of education for a lease term of at least fifty years shall be exempt from taxation." 2010 Am.Sub.S.B. No. 181 ("S.B. 181").

**{¶ 13}** Also pertinent is uncodified Section 5 of S.B. 181:

> [Be it enacted] [t]hat section 3313.44 of the Revised Code, as amended by this act, is remedial in nature and applies to tax years at issue in any application for exemption from taxation pending before the Tax Commissioner, Ohio Board of Tax Appeals, any Court of Appeals, or the Supreme Court on the effective date of this act and to the property that is the subject of the application.

**{¶ 14}** The effective date of S.B. 181 was September 13, 2010, and the application at issue was filed in January 2010. Accordingly, the application was pending on the effective date of S.B. 181, and the amended version of the exemption statute—and not the earlier version—applies here.[1]

### R.C. 3313.44 DOES NOT CONTAIN A USE RESTRICTION

**{¶ 15}** The BOE argues that the bare fact of ownership by the BOE accords exempt status to the 34 acres at issue. Given the 2010 amendment of the statute, we agree.

**{¶ 16}** We have stated that although "[w]e read exemption statutes strictly, * * * we will not require more qualifications for an exemption than the General

---

[1] We note that no constitutional challenge has been raised to the retroactivity of this provision.

Assembly does." *Newfield Publications, Inc. v. Tracy*, 87 Ohio St.3d 150, 153, 718 N.E.2d 420 (1999). For this reason, we reverse the decision of the BTA.

*The amendment of R.C. 3313.44 in 2010 eliminated the basis for an implied use restriction*

**{¶ 17}** The tax commissioner argues that R.C. 3313.44 incorporates an implied restriction that the property must be used for school purposes. Indeed, our opinion in *Cincinnati City School Dist. Bd. of Edn. v. Bd. of Tax Appeals*, 149 Ohio St. 564, 80 N.E.2d 156 (1948), demonstrates that the parties and the court assumed that use of the property for school purposes was necessary for exemption. In that case, the property was being developed for construction of a school, but the school had not yet been built. The court held that the property was entitled to exemption. The entitlement to the exemption, however, was not based on the bare ownership of the property by the board of education but rather on its prospective use as a school building.

**{¶ 18}** Before the 2010 amendment, there was reason to consider that the exemption for board-of-education property incorporated an implied use restriction. As already noted, the exemption currently codified at R.C. 3313.44 was enacted in 1873; at the time of that enactment, the Ohio Constitution authorized the General Assembly to exempt property from taxation only under specific circumstances. Specifically, Article XII, Section 2 of the Ohio Constitution of 1851 authorized the exemption of "public schoolhouses" and "public property used exclusively for any public purpose." Notably absent was any authorization to exempt property merely because it was owned by a public body such as the board of education; accordingly, the enacted language of tax exemptions was sometimes confined by the constitutional basis for enacting the exemption. *See Gerke v. Purcell*, 25 Ohio St. 229 (1874), paragraph five of the syllabus (holding that a privately owned school building would be exempt from taxation only if it was operated without any view to profit, because the constitutional basis for the exemption was that the school must

qualify as an " 'institution[ ] of purely public charity' "); *see also Anderson/Maltbie Partnership v. Levin*, 127 Ohio St.3d 178, 2010-Ohio-4904, 937 N.E.2d 547, ¶ 18, 20 (citing *Gerke* with approval).

**{¶ 19}** The constitutional basis for a board-of-education exemption was then either the authorization to exempt public schoolhouses or, alternatively, the authorization to exempt public property used exclusively for public purposes. Either way, the constitutional authorizations justified reading a use restriction into the exemption for board-of-education owned property.

**{¶ 20}** In 1931, the Ohio Constitution was amended to allow the General Assembly general power to determine exemptions. Although the Constitution was amended, that fact alone did not expand the scope of the previously enacted exemptions. *See Denison Univ. v. Bd. of Tax Appeals*, 2 Ohio St.2d 17, 25, 205 N.E.2d 896 (1965) (endorsing the principle that the adoption of an amendment to the Constitution cannot be helpful in interpreting legislation that had been enacted before the amendment); *compare Anderson/Maltbie* at ¶ 18-21 (applying the public-schoolhouse-exemption statute with implied constitutional restrictions) *with Montgomery Cty. Park Dist. v. Kinney*, 61 Ohio St.2d 88, 90, 399 N.E.2d 556 (1980) (reenactment of an exemption statute after the Ohio Constitution was amended in 1931 to allow the General Assembly to determine exemptions removed a constitutional public-use restriction).

**{¶ 21}** It is evident, however, that the basis for an implied use restriction no longer existed when R.C. 3313.44 was amended in 2010. Because the legislature had broad constitutional authority to enact exemptions in 2010, there is no longer any reason to read a use restriction into R.C. 3313.44. It follows that after the 2010 amendment, there is no use restriction, because the legislature did not include one in the statutory language.

*The General Assembly did not intend to impose a use restriction when it amended*
*R.C. 3313.44*

{¶ 22} The tax commissioner contends that "[t]he General Assembly has not amended the school board exemption to eliminate the exclusive public school use requirement" and that there is no affirmative indication of legislative intent in 2010 or at any other time to eliminate the restriction on the exemption. We disagree.

{¶ 23} The 2010 amendment constitutes, in the language the General Assembly adopted, the strongest manifestation of its intent: because no use restriction was set forth in the statute, the General Assembly must be understood to have exercised its broad power under Article XII, Section 2 of the Ohio Constitution to exempt property as it sees fit. *Before* the 2010 amendment, a presumption that the General Assembly intended the statute to stay within the confines of what the Constitution authorized in 1873 was justified; *after* the amendment, that logic no longer applied, and any restriction must be expressly stated.

{¶ 24} Nor are we persuaded that by extending the exemption to premises leased to a school board, R.C. 3313.44 precludes exemption when the board is a lessor. To the contrary, the latter situation is governed by the overriding principle that the BOE's ownership entitles the property to exemption.

{¶ 25} The tax commissioner also cites *Columbus City School Dist. Bd. of Edn. v. Testa*, 130 Ohio St.3d 344, 2011-Ohio-5534, 958 N.E.2d 557, in which we denied exemption to the Ohio State University for property leased to a commercial enterprise. But the statute allowing an exemption for property of a state university did impose a use restriction, which makes the case inapposite.

*There is no reason to harmonize R.C. 3313.44 with R.C. 5709.86*

{¶ 26} The tax commissioner argues that R.C. 5709.86, which was enacted by the General Assembly in 1994, is the sole path for exempting real property when

it is leased to others. That section permits a board of education or other local legislative body to enact a declaration that "abandoned school property" is being used for the public purpose of restoring unused public property to productive use; doing so has the effect of exempting the abandoned school property from taxation. The commissioner argues that the BOE's reading of R.C. 3313.44 makes R.C. 5709.86 superfluous, because the BOE need not pass the resolution required by the latter statute since its property would be exempt based solely on school-board ownership.

{¶ 27} The tax commissioner's point is not well taken. As the BOE correctly notes, R.C. 5709.86 was enacted as a tax-incentive provision that is available to a variety of public-sector property owners, not only boards of education. Moreover, when a legislative body acts under R.C. 5709.86, it thereby acquires the power to confer that exemption upon a transferee for up to ten years. R.C. 5709.86(B). In the alternative, if the legislative body is a board of education that desires to retain ownership of the property, it may exempt the property under R.C. 3313.44. The statutes have different purposes, and R.C. 5709.86 has a range of operation beyond the scope of exemption under R.C. 3313.44.

## BY ITS TERMS, R.C. 3313.44 DOES NOT CONDITION EXEMPTION ON THE BOE'S COMPLIANCE WITH R.C. 3313.17

{¶ 28} The tax commissioner also argues that the BOE has acted outside of the powers granted it under R.C. 3313.17 and thus an exemption cannot be granted. According to the commissioner, a school board is not given the authority under R.C. 3313.17 to lease property for commercial use. According to the tax commissioner's argument, the BOE should not enjoy the benefit of the tax exemption because it exceeded its authority as a school board.

{¶ 29} In part, the commissioner bases this argument on our observation that boards of education are "without authority or power to purchase [property] for any other purpose than a public use," *Cincinnati City School Dist.*, 149 Ohio St. at

8

568, 80 N.E.2d 156. The tax commissioner asserts that this pronouncement limits the scope of the tax exemption under R.C. 3313.44.

{¶ 30} We disagree. The issue in *Cincinnati City School Dist.* was whether the exemption could be granted before completion of the school building on the premises; we held that it could. We did not address circumstances in which property was not improved with a school building but was instead owned by a school board and in part leased to a farmer. And recent case law involving exemptions that do contain a public-use requirement have tended to regard the uses presented here as so incidental and de minimis that they do not disturb the exemption. *See Whitehouse v. Tracy*, 72 Ohio St.3d 178, 181, 648 N.E.2d 503 (1995); *South-Western City Schools Bd. of Edn. v. Kinney*, 24 Ohio St.3d 184, 187, 494 N.E.2d 1109 (1986).

{¶ 31} The exemption allowed by R.C. 3313.44 depends upon stated conditions; compliance with R.C. 3313.17 is not one of those conditions. Moreover, not only is the BOE a creature of statute limited to exercising the powers conferred on it by law, but so also are the tax department and the BTA. Although those taxing authorities have jurisdiction to construe and apply laws pertaining to taxation and exemption, they do not possess general authority to rule on the lawfulness of a school board's dispositions relating to its realty.

{¶ 32} Because we conclude that R.C. 3313.44 does not condition exemption on compliance with R.C. 3313.17, we need not decide whether the leasing of the property for farm purposes exceeded the board of education's authority under the latter provision. We do note, however, that the BOE apparently acted in accordance with a formal Attorney General Opinion that stated that a school board may lease property "not presently needed for school purposes" and which "cannot be advantageously sold," as long as a provision of the lease permits the board to terminate the lease if the property is needed for school purposes. 1992 Ohio Atty.Gen.Ops. No. 92-016, paragraph two of the syllabus. As a result, the

BOE appears to have at least a good-faith belief that it has acted in accordance with the statutes.

{¶ 33} For all these reasons, we reject the tax commissioner's argument that an exemption should be denied because the BOE exceeded its statutory authority in leasing the property.

### THE BOE'S REQUEST THAT WE ADDRESS CHANGED CIRCUMSTANCES IS MOOT, AS IS ITS CLAIM FOR EXEMPTION UNDER OTHER PROVISIONS

{¶ 34} The BOE has also requested that we address the exempt status of the property for years after 2010 in light of circumstances that have changed with respect to the property's use. Because we grant the exemption based on the BOE's continuing ownership of the property, we find that the BOE's request is moot, and we decline to address it. Additionally, we need not consider alternative claims for exemption under R.C. 5709.07 or 5709.08, or even whether we have jurisdiction over those claims, because the allowance of exemption under R.C. 3313.44 makes those claims moot.

### CONCLUSION

{¶ 35} For the foregoing reasons, we reverse the decision of the BTA.

Decision reversed.

PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

_____

Ennis, Roberts & Fischer Co., L.P.A., and Gary T. Stedronski, for appellant.

Michael DeWine, Attorney General, and David D. Ebersole and Barton A. Hubbard, Assistant Attorneys General, for appellee.

Britton, Smith, Peters & Kalail Co., L.P.A., Karrie M. Kalail, and Paul J. Deegan, urging reversal for amici curiae Ohio School Boards Association and Ohio Association of School Business Officials.

_____