[Cite as *Bigelow v. Am. Family Ins.*, 2016-Ohio-3311.]

COURT OF APPEALS
COSHOCTON COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| DEBORAH BIGELOW | : | Hon. William B. Hoffman, P.J. |
|  | : | Hon. W. Scott Gwin, J. |
| Plaintiff-Appellee | : | Hon. Craig R. Baldwin, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 2013CA0024 |
| AMERICAN FAMILY INSURANCE | : |  |
|  | : |  |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:     Civil appeal from the Coshocton County
                             Municipal Court, Case No. CVE 1200287

JUDGMENT:                    Reversed and final judgment entered

DATE OF JUDGMENT ENTRY:      June 6, 2016

APPEARANCES:

For Plaintiff-Appellee              For Defendant-Appellant

JAMES SKELTON                       MARK MADDOX
309 Main Street                     987 South High Street
Coshocton, OH 43812                 Columbus, OH 43206-2527

*Gwin, P.J.*

{¶1} This matter is before the Court upon a remand from the Ohio Supreme Court. The Supreme Court remanded the case to this Court for application of *Dillon v. Farmers Insurance of Columbus, Inc.*, 145 Ohio St.3d 113, 2015-Ohio-5407, -- N.E.3d ---.

{¶2} In May of 2012, appellee Deborah Bigelow was in an auto accident. She was covered by an auto insurance policy of appellant American Family Insurance ("American Family"). Despite Bigelow's request for the use of only original equipment manufacturer ("OEM") parts to repair her vehicle, American Family failed to obtain appellee's signature notifying her of the use of non-OEM parts when it issued a repair estimate in relation to Bigelow's insurance claim for the damage to the vehicle.

{¶3} Bigelow filed a complaint against American Family alleging violations of the Consumer Sales Practices Act ("CSPA") and common law causes of action. Bigelow subsequently dismissed, with prejudice, all causes of action except Count IV, an alleged violation of R.C. 1345.82 of the CSPA for the failure to obtain her signature on the bottom of the estimate approving the use of non-OEM parts. The trial court granted Bigelow's motion for summary judgment on Count IV and, after a damages hearing, awarded Bigelow actual damages of $161.19, treble damages of $483.57, and expenses of $326.44. The trial court also awarded Bigelow attorney's fees in the amount of $17,640 and expert witness fees of $4,272.15.

{¶4} American Family appealed the judgment entries of the Coshocton Municipal Court to this Court and argued the trial court erred: (1) in granting Bigelow's motion for summary judgment; (2) in awarding attorney fees to Bigelow; and (3) in

awarding Bigelow actual and treble damages. In *Bigelow v. American Family Insurance*, 5th Dist. Coshocton No. 2013CA0024, 2014-Ohio-294, this Court utilized the same rationale as in *Dillon v. Farmers Insurance of Columbus, Inc.* and affirmed the finding of the trial court that American family violated the CSPA by failing to obtain Bigelow's signature notifying her of the use of non-OEM parts when it issued a repair estimate in relation to Bigelow's insurance claim for motor vehicle damage.

{¶5} We overruled American Family's assignment of error regarding the granting of the motion for summary judgment. Further, we affirmed the trial court's judgment as to the award of attorney fees and amount of attorney fees, but sustained American Family's assignment of error as to expert witness fees and found the trial court abused its discretion when it awarded expert fees in the amount of $4,272.15. Finally, we found the trial court properly calculated the amount of actual damages, but that Bigelow could not recover actual damages in addition to treble damages and thus determined the proper award for damages was $483.57. Accordingly, we modified the judgment entered by the Coshocton Municipal Court and entered judgment in favor of Bigelow in the amount of $483.57 in damages, $326.44 in expenses, and $17,640 in attorney fees.

{¶6} American Family appealed our decision. After deciding *Dillon v. Farmers Insurance of Columbus, Inc.*, 145 Ohio St.3d 113, 2015-Ohio-5407, -- N.E.3d ----, the Ohio Supreme Court remanded this case to the Court for application of *Dillon*. Accordingly, we review the following assignments of error in accordance with the *Dillon* opinion:

{¶7} "I. THE TRIAL COURT ERRED IN GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT.

{¶8} II. THE TRIAL COURT ERRED IN AWARDING ATTORNEY FEES TO THE PLAINTIFFS, AS WELL AS IN DETERMINING THE AMOUNT OF ATTORNEY FEES.

{¶9} III. THE TRIAL COURT ERRED IN AWARDING APPELLEE ACTUAL AND TREBLE DAMAGES."

I., II. III.

{¶10} In *Dillon*, the Ohio Supreme Court reversed this Court and held an insurer does not engage in a "consumer transaction" as defined in the CSPA when it issues a repair estimate in relation to its policyholder's claim for motor vehicle damage. *Dillon v. Farmers Insurance of Columbus, Inc.*, 145 Ohio St.3d 113, 2015-Ohio-5407, -- N.E.3d ----. The Supreme Court further found since the insurer's provision of a repair estimate to the Dillons was not in connection with a consumer transaction, it was not an "unfair or deceptive practice" under the CSPA and dismissed the cause. *Id.*

{¶11} Applying the Supreme Court's holding in *Dillon* to the instant case, we find American Family did not engage in a "consumer transaction" as defined in the CSPA when it issued a repair estimate in relation to Bigelow's claim for motor vehicle damage. Further, pursuant to the holding in *Dillon*, since American Family's provision of a repair estimate to Bigelow was not in connection with a consumer transaction, it was not an "unfair or deceptive act or practice" under the CSPA.

**{¶12}** Accordingly, we VACATE our previous judgment in the instant case awarding Bigelow damages in the amount of $483.57, expenses of $326.44, and attorney fees of $17,640.

**{¶13}** In accordance with the Supreme Court's opinion in *Dillon*, we sustain American Family's assignments of error and find:  the trial court erred in granting Bigelow's motion for summary judgment; the trial court erred in awarding Bigelow attorney fees and expenses pursuant to the CSPA; and the trial court erred in awarding Bigelow damages pursuant to the CSPA.  The November 12, 2012, January 29, 2013, and February 20, 2013 judgment entries of the Coshocton Municipal Court are REVERSED and, pursuant to App.R. 12(B), final judgment is entered in favor of American Family.

By Gwin, P.J.,

Hoffman, J., and

Baldwin, J., concur