[Cite as *Burke v. Excalibur Exploration*, 2017-Ohio-999.]

**IN THE COURT OF APPEALS**

**ELEVENTH APPELLATE DISTRICT**

**ASHTABULA COUNTY, OHIO**

| | | |
|---|---|---|
| GERALD W. BURKE, et al., | : | **O P I N I O N** |
| Plaintiffs-Appellees, | : | |
| - vs - | : | **CASE NO. 2016-A-0041** |
| EXCALIBUR EXPLORATION, INC, | : | |
| Defendant-Appellant. | : | |

Civil Appeal from the Ashtabula County Court of Common Pleas, Case No. 2015 CV 0578.

Judgment: Affirmed.

*William P. Bobulsky,* William P. Bobulsky Co., L.P.A., 1612 East Prospect Road, Ashtabula, OH 44004 (For Plaintiffs-Appellees).

*Brent A. Barnes* and *Bruce E. Smith,* Geiger Teeple Robinson & McElwee, PLLC, 1844 West State Street, Suite A, Alliance, OH 44601 (For Defendant-Appellant).

CYNTHIA WESTCOTT RICE, P.J.

{¶1} Appellant, Excalibur Exploration, Inc., appeals from the judgment of the Ashtabula County Court of Common Pleas entering summary judgment in favor of appellees, Gerald W. Burke, et al., on their complaint seeking cancellation of an oil-and-gas lease encumbering a large portion of property of which they are owners. At issue is whether the lease between appellant, as lessee, and appellees, as lessors, on the subject property expired due to appellant's failure to use the great majority of the

property in question or remains valid due to appellant's unitization of a small portion of the property with certain adjoining property on which appellant's operate a functioning well. For the reasons discussed in this opinion, we affirm the trial court's judgment.

{¶2} Appellees own 227.7 acres of land located in Austinburg Township, Ashtabula County, Ohio. On August 4, 2000, the appellant entered into an oil-and-gas lease with appellees, which encumbered the subject property for a term of three years and as long as operations were being conducted or oil or gas could be produced in paying quantities. Paragraph seven of the lease provides:

{¶3} Lessee may utilize the leased lands, or any portion, with any other lands to form a drilling unit or units according to the rules and regulations which may be adopted for the proper development and conservation of the field. Operations upon and production from any unit, including all or any portion of the leased lands, shall be treated as if such operations were upon or such production were from the leased lands whether or not the well or wells are located thereon; provided, however, that Lessee shall pay Lessor, in lieu of other royalties and shut-in payments, only such proportion of the Lessor's acreage in the unit bears to the total acreage in the unit and provided further that Lessor may take gas from a unit well only if said well is located on lands actually owned by the Lessor.

{¶4} The parties subsequently included an addendum to the lease, which provided: "With reference to paragraph seven (7) of this lease, Lessee hereby agrees not to pool or unitize the herein leased lands or any part thereof without prior written consent from Lessor. Such consent shall not be unreasonably withheld. This clause supersedes anything to the contrary contained herein."

{¶5} On March 26, 2003, appellees signed a letter providing consent for the unitization of 20.52 acres of the property into a drilling unit which included lands of other property owners. Pursuant to paragraph seven, appellees received a percentage of the monthly royalties from the production generated by the well on the unitized land.

2

Appellant, however, did not develop any of the remaining property that was subject to the lease.

{¶6} On October 14, 2015, appellees filed the underlying complaint seeking to cancel the subject lease as it related to the property that was not part of the unitization. Appellant filed a timely answer. On February 4, 2016, appellant filed a motion for summary judgment. In the motion, appellant relied upon language in the lease which, it maintained, did not permit appellees' unilateral attempt to cancel the same. It further asserted the lease included a notification clause, which required appellees to give it notice prior to filing any action on the lease, which appellees failed to do.

{¶7} On April 11, 2016, appellees filed a memorandum in opposition to appellant's motion as well as a cross motion for summary judgment. In their motion, appellees argued the lease had expired as it related to the subject property because it had not been developed or improved. And, because the lease had expired, they were not required to provide notice. Appellant subsequently responded to appellees' cross motion.

{¶8} On July 13, 2016, the trial court granted appellees' motion for summary judgment, concluding that, because appellant had not conducted any operations on subject property, the lease had expired. The court excepted the 20.52-acre parcel unitized as operations and production were active, pursuant to paragraph seven. And, because the lease had expired, appellees were not required to provide notice of their intention to bring the underlying action. Appellant now appeals assigning two errors. Its first assignment of error states:

3

{¶9} "The trial court committed prejudicial error in granting the plaintiffs' motion for summary judgment terminating an oil and gas lease, and denying the motion for summary judgment filed by defendant, based on the plain and unambiguous language of the contract between the parties."

{¶10} Summary judgment is a procedural tool that terminates litigation and thus should be entered with caution. *Davis v. Loopco Industries, Inc.,* 66 Ohio St.3d 64, 66 (1993). Summary judgment is proper where (1) there is no genuine issue of material fact remaining to be litigated; (2) the movant is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and, viewing the evidence in the non-moving party's favor, that conclusion favors the movant. *See, e.g.,* Civ.R. 56(C). An appellate court reviews a trial court's entry of summary judgment de novo. *Grafton v. Ohio Edison Co.,* 77 Ohio St.3d 102, 105 (1996).

{¶11} With respect to oil and gas leases, the Supreme Court of Ohio has stated: "The rights and remedies of the parties to an oil or gas lease must be determined by the terms of the written instrument * * *. Such leases are contracts, and the terms of the contract with the law applicable to such terms must govern the rights and remedies of the parties." *Harris v. Ohio Oil Co.,* 57 Ohio St. 118, 129 (1897). *See also Morrison v. Petro Evaluation Services, Inc.,* 5th Dist. Morrow No. 2004 CA 0004, 2005-Ohio-5640, citing *Lake v. Ohio Fuel Gas Co.,* 2 Ohio App.2d 227, 231 (1965). "Contracts are to be interpreted so as to carry out the intent of the parties, as that intent is evidenced by the contractual language." *Skivolocki v. East Ohio Gas Co.,* 38 Ohio St.2d 244 (1974), paragraph one of syllabus.

{¶12} In this case, appellant contends that, pursuant to paragraph seven of the lease, the incorporation of any portion of the leased property into a drilling unit binds the entire leasehold estate, such that production related to *any* lands within the drilling unit should be considered the same, as though the operations were on the remainder of the lands outside the drilling unit. We do not agree.

{¶13} Paragraph seven of the lease addresses unitization; it provides that any portion of leased lands may be unitized with other lands to form a drilling unit. It further provides that "[o]perations upon and production from any unit, including all or any portion of the leased lands, shall be treated as if such operations were upon or such production were from the leased lands whether or not the well or wells are located thereon."

{¶14} Paragraph seven, as well as the parties' ultimate addendum to paragraph seven, governs a lessor's ability to unitize leased lands. And the wells discussed in paragraph seven refer to those that are physically located in a drilling unit. It would consequently follow that the remaining discussion relating to leased land that does not have the well or wells physically located on them also relates only to lands that are a part of the drilling unit. This interpretation is consistent with the cannon of construction known as ejusdem generis, latin for "of the same kind." Under this rule, the latter term will be read as "'embracing only things of a similar character as those comprehended by the preceding limited and confined terms.'" *Moulton Gas Serv., Inc. v. Zaino,* 97 Ohio St.3d 48, 2002-Ohio-5309, ¶14, quoting *State v. Aspell,* 10 Ohio St.2d (1967), paragraph two of the syllabus. Because paragraph seven, in its entirety, addresses the

narrow issue of unitizing lands, it should be read to envelop only leased lands that become part of a drilling unit and how unitizing effects those limited property portions.

{¶15} Interpreting paragraph seven as appellant urges would ignore the narrow nature of paragraph seven; if the parties intended such an interpretation, the paragraph would have stated that production from any lands within the drilling unit shall be treated as if the operations were on the entirety of the leased premises out of which the unit is comprised. Because, however, paragraph seven addresses the limited issue of unitizing, we decline to read it so broadly. We therefore hold the trial court correctly construed the lease and properly concluded paragraph seven refers to only those lands that comprise a drilling unit and the effects of such unitization.

{¶16} Appellant's first assignment of error is without merit.

{¶17} Appellant's second assignment of error provides:

{¶18} "The trial court committed prejudicial error in its determination that appellees did not need to comply with the notice clause (paragraph 8) of the lease."

{¶19} Appellant asserts that paragraph eight of the lease required appellees to give it a certified-mail notice of any claimed failure to comply with any provision of the lease, which would allow appellant 30 days to correct or commence correction of any perceived problem. Because appellees did not do so, he claims they breached the lease. We do not agree.

{¶20} It is undisputed that appellees did not put appellant on notice of the underlying suit. It is also undisputed, however, that the lease was effective "for 3 year(s), and as long thereafter as operations are being conducted or oil and gas can be produced in paying quantities in Lessee's judgment." There was no evidence that

6

operations had been conducted or that oil and gas was produced on any of the non-unitized portion of appellees' property. Appellees filed the underlying complaint 12 years after the lease, by its own terms, expired. Because the primary term of the lease expired and the secondary term was not triggered on the non-unitized property, the lease had expired as it pertained to the land at issue and, as a result, its notice requirement was no longer in effect. The trial court did not err in drawing this conclusion.

{¶21} Appellant's second assignment of error lacks merit.

{¶22} For the reasons discussed in this opinion, the judgment of the Ashtabula County Court of Common Pleas is affirmed.


DIANE V. GRENDELL, J.,

TIMOTHY P. CANNON, J.,

concur.